1  Emily T. Kuwahara (SBN 252411)
   ekuwahara@crowell.com
2  Uri Niv (SBN 307487)
   univ@crowell.com
3  CROWELL & MORING LLP
   515 South Flower Street, 40th Floor
4  Los Angeles, CA  90071
   Telephone: 213.622.4750
5  Facsimile: 213.622.2690

6  Kristin Madigan (SBN 233436)
   kmadigan@crowell.com
7  Suzanne Rode (SBN 253830)
   srode@crowell.com
8  CROWELL & MORING LLP
   3 Embarcadero Center, 26th Floor
9  San Francisco, CA  94111
   Telephone: 415.986.2800
10 Facsimile: 415.986.2827

11 Charles F. Robinson (SBN 113197)
   charles.robinson@ucop.edu
12 Norman Hamill (SBN 154272)
   norman.hamill@ucop.edu
13 Katharine Essick (SBN 219426)
   katharine.essick@ucop.edu
14 UNIVERSITY OF CALIFORNIA
   Office of General Counsel
15 1111 Franklin Street, 8th Floor
   Oakland, CA  94607
16 Telephone: 510.987.9800
   Facsimile: 510.987.9757

17

18 Attorneys for Defendants
   Kim A. Wilcox, Howard Gillman, The Regents
   of the University of California and Michael V.
19 Drake

20                UNITED STATES DISTRICT COURT

21               CENTRAL DISTRICT OF CALIFORNIA

22                     EASTERN DIVISION

23

24 AMERICA'S FRONTLINE              Case No. 5:21-cv-01243-JGB-KK
   DOCTORS, et al.,
25                                  **DEFENDANTS' APPLICATION
              Plaintiffs,           FOR LEAVE TO FILE UNDER
26                                  SEAL EXHIBIT A TO THE
         v.                         DECLARATION OF DAVID LO
27                                  M.D., PH.D. IN SUPPORT OF
                                    DEFENDANTS' OPPOSITION
28 KIM A. WILCOX, in his official   TO PLAINTIFFS' EX PARTE**
   capacity as CHANCELLOR OF THE

| 1<br>2<br>3 | UNIVERSITY OF CALIFORNIA RIVERSIDE, et al.,<br><br>          Defendants. | **APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TO SET HEARING ON A PRELIMINARY INJUNCTION (ECF NO. 11)** |
|---|---|---|
| 4 | | Judge:   Hon. Jesus G. Bernal |
| 5 | | Date Action Filed:   July 26, 2021 |

Pursuant to Civil Local Rule 79-5, Kim A. Wilcox, Howard Gillman, The Regents of the University of California and Michael V. Drake (collectively, "Defendants"), by and through their counsel, hereby apply to this Court for leave to file under seal Exhibit A to the Declaration of David Lo M.D., Ph.D. in Support of Defendants' Opposition to Plaintiffs' Ex Parte Application for Temporary Restraining Order and to Set Hearing on a Preliminary Injunction, previously filed with the Court on July 28, 2021 (ECF No. 11).

Pursuant to Civil Local Rule 79-5, this application is accompanied by the Declaration of Kristin Madigan in Support of Defendants' Application to Seal, a [Proposed] Order, and redacted and unredacted versions of the Exhibit.

## BACKGROUND

Defendants seek to file portions of Exhibit A to the Declaration of David Lo M.D., Ph.D. in Support of Defendants' Opposition to Plaintiffs' Ex Parte Application for Temporary Restraining Order and to Set Hearing on a Preliminary Injunction, previously filed with the Court on July 28, 2021 (ECF No. 11) because it contains confidential personally identifying information ("PII"), including but not limited to Dr. Lo's date of birth and non-public contact information. Declaration of Kristin Madigan ¶¶ 2-3. This information was inadvertently filed with the Court. *See id.* ¶ 3.

Defendants have contacted Plaintiffs' counsel and the Court to ensure that this information is not further disseminated. *Id.* ¶¶ 4-5. Plaintiffs' counsel has not objected to Defendants' request to seal. *Id.* ¶ 7. The Court has also locked the document on the public docket pending this application for leave to seal. *Id.* ¶ 6.

1

## LEGAL STANDARD

2      A court has supervisory powers over its records and files to seal documents

3 under appropriate circumstances. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589,

4 598 (1978).  The Ninth Circuit employs two standards for evaluating a request to

5 seal: (1) the "good cause" standard for materials used as part of non-dispositive

6 motions; and (2) the "compelling reasons" standard, for materials used at trial or

7 filed as part of dispositive motions. *See Kamakana v. City & Cty. of Honolulu*, 447

8 F.3d 1172, 1179-80 (9th Cir. 2006).  The first asks whether "'good cause' exists to

9 protect th[e] information from being disclosed to the public by balancing the needs

10 for discovery against the need for confidentiality." *Phillips ex rel. Ests. of Byrd v.*

11 *Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002).  The second requires that

12 a party seeking to seal judicial records must "articulate[ ] compelling reasons

13 supported by specific factual findings . . . that outweigh the general history of

14 access and the public policies favoring disclosure. . . ." *Kamakana*, 447 F.3d at

15 1179-80.

16      At the temporary restraining order phase, courts review requests to seal under

17 either the good cause or compelling reasons legal standard.  *See Ctr. for Auto Safety*

18 *v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 n.2 (9th Cir. 2016) ("District courts

19 have understandably struggled with our use of the term 'dispositive' in these

20 circumstances [TROs and preliminary injunctions].  Many courts have applied the

21 compelling reasons standard to motions for preliminary injunctions or temporary

22 restraining orders.  Others[ ] . . . have applied the good cause standard.).  Whether

23 the good cause or compelling reason standard applies depends on "whether the

24 motion at issue is more than tangentially related to the underlying cause of action."

25 *Id.* at 1099.

26

## ARGUMENT

27      Defendants have shown both good cause and compelling reasons exist for the

28 Court to grant leave to file Exhibit A to the Lo Declaration (ECF No. 11) under

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-3-

DEFENDANTS' APPLICATION FOR LEAVE TO FILE
UNDER SEAL; CASE NO. 5:21-CV-01243-JGB-KK

seal.  Exhibit A to the Lo Declaration contains protected PII comprising Dr. Lo's date of birth and non-public contact information.  *See* Madigan Decl. ¶ 3.  The information Defendants seek to seal is sufficiently confidential that public access could allow third parties to use this information to Dr. Lo's detriment, thereby necessitating protection.  In addition, the proposed sealing is narrowly tailored and concerns information not relevant to the merits of Plaintiffs' ex parte application.

It is well-settled that an individual's confidential personal identifying information may be sealed, where, as here, the information "could easily become a treasure trove for identity thieves."  *See Fed. Trade Comm'n v. Consumer Def., LLC*, No. 2:18-cv-00030-JCM-PAL, 2018 WL 3997260, at *3 (D. Nev. Aug. 21, 2018) ("[T]he subject documents … are replete with the personal data identifiers, including third parties' full names, home addresses, financial account numbers, phone numbers, email addresses, and signatures.  There is no question that disclosure of such extensive personal data identifiers may result in particularized harm. . . .  [T]he need to protect a large amount of personal data qualifies as a 'compelling reason' for sealing . . . ."); *see also Snapkeys, Ltd. v. Google LLC*, No. 19-CV-02658-LHK, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021) (finding compelling reasons to seal personally identifiable information "including [ ] email addresses and telephone numbers"); *Am. Automobile Ass'n of N. Cal., Nev., & Utah*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (finding compelling reasons to seal personally identifiable information, "including names, addresses, phone numbers, and email addresses"); *Benedict v. Hewlett-Packard Co.*, 2014 WL 233827, at *3 (N.D. Cal. Jan. 21, 2014) (granting motion to seal personal information, including a home address, phone number, and email address).[1]

///

///

---

[1] In addition, Federal Rule of Civil Procedure 5.2(a) provides that information regarding a person's birth date may be redacted.  Similarly, Local Rule 5.2-1 directs parties to ensure the protection of "any sensitive and private information."

## **CONCLUSION**

For the reasons set forth above, Defendants respectfully request that the Court grant this application for leave to file under seal.


Dated: August 24, 2021                              CROWELL & MORING LLP


By: _____
    Emily T. Kuwahara
    Kristin Madigan
    Suzanne Rode
    Uri Niv

    Attorneys for Defendants
    Kim A. Wilcox, Howard Gillman,
    The Regents of the University of
    California, and Michael V. Drake

CROWELL
& MORING LLP
ATTORNEYS AT LAW

DEFENDANTS' APPLICATION FOR LEAVE TO FILE
UNDER SEAL; CASE NO. 5:21-CV-01243-JGB-KK