1  EMILY T. KUWAHARA (SBN 252411)
     ekuwahara@crowell.com
2  URI NIV (SBN 307487)
     univ@crowell.com
3  CROWELL & MORING LLP
   515 South Flower Street, 40th Floor
4  Los Angeles, CA  90071
   Telephone: 213.622.4750
5  Facsimile: 213.622.2690

6  KRISTIN J. MADIGAN (SBN 233436)
     kmadigan@crowell.com
7  SUZANNE E. RODE (SBN 253830)
     srode@crowell.com
8  CROWELL & MORING LLP
   3 Embarcadero Center, 26th Floor
9  San Francisco, CA  94111
   Telephone: 415.986.2800
10 Facsimile: 415.986.2827

11 [Additional Counsel Listed on Next Page]

12 Attorneys for Defendants
   KIM A. WILCOX, HOWARD GILLMAN,
13 THE REGENTS OF THE UNIVERSITY OF
   CALIFORNIA AND MICHAEL V. DRAKE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| AMERICA'S FRONTLINE DOCTORS, *et al*,<br><br>Plaintiffs,<br><br>v.<br><br>KIM A. WILCOX, in his official capacity as CHANCELLOR OF THE UNIVERSITY OF CALIFORNIA RIVERSIDE, *et al*.<br><br>Defendants. | Case No. 5:21-cv-01243-JGB-KK<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS UNDER FED. R. CIV. PROC. 12(b)(1)**<br><br>Date:        October 25, 2021<br>Time:        9:00 A.M.<br>Court Room:  Riverside, Courtroom 1<br>Judge:       Hon. Hon. Jesus G. Bernal<br>Complaint filed:   July 26, 2021<br><br>**[REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL]** |

| | |
|---|---|
| 1 | CHARLES F. ROBINSON (SBN 113197) |
| | charles.robinson@ucop.edu |
| 2 | NORMAN J. HAMILL (SBN 154272) |
| | norman.hamill@ucop.edu |
| 3 | KATHARINE ESSICK (SBN 219426) |
| | katharine.essick@ucop.edu |
| 4 | UNIVERSITY OF CALIFORNIA |
| | Office of General Counsel |
| 5 | 1111 Franklin Street, 8th Floor |
| | Oakland, CA  94607 |
| 6 | Telephone: 510.987.9800 |
| | Facsimile: 510.987.9757 |
| 7 | |
| 8 | Attorneys for Defendants |
| | KIM A. WILCOX, HOWARD GILLMAN, |
| | THE REGENTS OF THE UNIVERSITY OF |
| 9 | CALIFORNIA AND MICHAEL V. DRAKE |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

# TABLE OF CONTENTS

Page

INTRODUCTION ........................................................................................................ 1

BACKGROUND ......................................................................................................... 1

ARGUMENT .............................................................................................................. 3

I. LEGAL STANDARD ..................................................................................... 3

II. THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE PLAINTIFFS LACK STANDING ................................................................ 4

    A. PLAINTIFF AFLDS LACKS STANDING BECAUSE IT IS NOT SUBJECT TO THE POLICY ............................................................. 4

    B. PLAINTIFFS POWELL AND CHOI LACK STANDING BECAUSE ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ................ 5

III. ALL CLAIMS AGAINST THE REGENTS AND THE FOURTH AND FIFTH CAUSES OF ACTION AGAINST ALL DEFENDANTS ARE BARRED BY THE ELEVENTH AMENDMENT ........................................................... 5

    A. THE ELEVENTH AMENDMENT BARS ALL CLAIMS AGAINST THE UC REGENTS ................................................................................ 6

    B. THE ELEVENTH AMENDMENT BARS PLAINTIFFS' CALIFORNIA LAW CLAIMS (FOURTH AND FIFTH CAUSES OF ACTION) AGAINST ALL DEFENDANTS ........................................................ 7

CONCLUSION ........................................................................................................... 8

# INTRODUCTION

Plaintiffs America's Frontline Doctors ("AFLDS"), an organization that has no connection with the University of California ("UC"); Carly Powell, an undergraduate student at the University of California, Riverside; and Deborah Choi, a law student at the University of California, Irvine (collectively "Plaintiffs") brought suit against Defendants The Regents of the University of California ("The Regents"), Michael V. Drake, M.D., in his official capacity as the President of the University of California ("President Drake"), Kim Wilcox, in his official capacity as the Chancellor of the University of California, Riverside ("Chancellor Wilcox"), and Howard Gillman, in his official capacity as the Chancellor of the University of California, Irvine ("Chancellor Gillman"), challenging UC's COVID-19 vaccine policy (the "Policy").

Plaintiffs' claims should be dismissed because Plaintiffs lack standing. Plaintiff AFLDS is not subject to the Policy and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Additionally, Plaintiffs' claims against The Regents and those based on California law are barred by the Eleventh Amendment of the U.S. Constitution. This Court therefore lacks subject matter jurisdiction, and all claims must be dismissed under Federal Rule of Civil Procedure 12(b)(1).

# BACKGROUND

On or about July 15, 2021, UC issued its final Policy requiring students to be fully vaccinated against COVID-19 before physically accessing UC's locations and programs. Compl. ¶ 36, ECF No. 1. The Policy allows students to apply for an exception from the vaccine requirement based on a medical exemption, a disability, or a religious objection. *Id.* Individuals who are granted an exception need not show proof of vaccination against COVID-19 before accessing UC's location and in-person programs, but are subject to the Policy regarding campus access for unvaccinated or not fully vaccinated individuals. Decl. of Danielle Bowers

("Bowers Decl.") ¶ 5; Decl. of Jeanie Deakyne ("Deakyne Decl.") ¶ 5; Policy, Ex. 2 to the Kuwahara Decl. In Opp'n to Pls.' TRO, ECF No. 13-1 at 7.

On July 26, 2021, Plaintiffs filed their complaint, alleging that the Policy violates their constitutional rights and California law. *See generally* Compl., ECF No. 1. With their complaint, Plaintiffs applied for a temporary restraining order which this Court denied on July 30, 2021. Order Den. TRO, ECF No. 18. On August 3, 2021, Plaintiffs applied for a Writ of Mandamus to the Court of Appeals for the Ninth Circuit, which was also denied on August 11, 2021. *In re America's Frontline Doctors*, U.S. App. LEXIS 23885 (9th Cir. Aug. 11, 2021). Finally, Plaintiffs filed a Petition for a Writ of Mandamus with the U.S. Supreme Court on August 16, 2021. *In Re AMERICA'S FRONTLINE DOCTORS, et al.*, Petitioners., 2021 WL 3884320 (U.S.).

This Court has jurisdiction to consider this matter while Plaintiff's petition is pending. *Brown v. Cty. of Del Norte*, No. 16-CV-07235-RMI, 2018 WL 3854876, at *1 (N.D. Cal. Aug. 9, 2018), vacated in part on other grounds, 823 F. App'x 532 (9th Cir. 2020) ("the filing of a petition for writ of certiorari does not divest this court of jurisdiction to proceed with resolution of the issues remaining in this case").

Plaintiff AFLDS does not allege that it is "Personnel, Students, or Trainees under this Policy who physically access a University Facility or Program in connection with their employment, appointment, or education/training" and it is not a covered individual under the Policy. Ex. 2 to the Kuwahara Decl. In Opp'n to Pls.' TRO, ECF No. 13-1 at 6; Compl. ¶¶ 4-11, 21, ECF No. 1.

Plaintiffs Choi and Powell, prior to the submission of this motion, [redacted]

Defendant The Regents is a corporation established under the Constitution of the State of California. Cal. Const., Art. IX § 9.

## ARGUMENT

### I. LEGAL STANDARD

Under Federal Rule of Civil Procedure Rule 12(b)(1), "a defendant may move to dismiss a complaint for lack of subject matter jurisdiction." *Deanco Healthcare, LLC v. Becerra*, 365 F. Supp. 3d 1029, 1034 (C.D. Cal. 2019) *aff'd*, 806 F. App'x 581 (9th Cir. 2020) (dismissing defendants, the Office of the Attorney General (OAG) and the State of California, stating that "[t]he OAG is undoubtedly an arm of the state" and thus "entitled to immunity under the Eleventh Amendment"). The Court should grant a motion to dismiss for lack of subject matter jurisdiction if, "looking at the complaint as a whole, it appears to lack federal jurisdiction either 'facially' or 'factually.'" *Laurie Q. v. Callahan*, 973 F. Supp. 925, 928 (N.D. Cal. 1997) (quoting *Thornhill Publishing Co. v. General Telephone & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). In ruling on this Motion, the Court may properly review and consider the Policy as well as the accompanying declarations. The Policy is incorporated by reference into the Complaint because "the plaintiff refers extensively to the document," and because "the document forms the basis of the plaintiff's claim." *Lopez v. Stages of Beauty, LLC*, 307 F. Supp. 3d 1058, 1064 (S.D. Cal. 2018) (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). In addition, in ruling on a Rule 12(b)(1) motion to dismiss for lack of jurisdiction, the Court is "free to hear evidence regarding jurisdiction and to rule on that issue prior to trial." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (quoting *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)).

"A Rule 12(b)(1) motion based on sovereign immunity is a challenge to the

factual existence of subject matter jurisdiction." *Engasser v. Tetra Tech, Inc.*, No. 219CV07973ODWPLAX, 2021 WL 911887, at *2 (C.D. Cal. Feb. 9, 2021). In considering a factual attack, "the court need not presume the truthfulness of the plaintiff's allegations and may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* (quotations and citation omitted).

## II. The Court Should Dismiss the Complaint Because Plaintiffs Lack Standing

Standing is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The "irreducible constitutional minimum of standing" requires that the Plaintiff must have suffered an "'injury in fact'—an invasion of a legally protected interest." *Id.* Without standing, the case-or-controversy requirement of Article III is not satisfied, and the case is moot. *See Kasza v. Browner*, 133 F.3d 1159, 1174 (9th Cir. 1998) ("A case is moot when the controversy isn't live any longer.") (quoting *Public Utilities Comm'n v. FERC*, 100 F.3d 1451, 1458 (9th Cir.1996). Here, the Court does not have jurisdiction to consider Plaintiffs' claims because Plaintiffs lack standing and the case is moot. *Palomar Pomerado Health Sys. v. Belshe*, 180 F.3d 1104, 1108 (9th Cir. 1999) ("Because [plaintiff] lacks standing, the federal courts are without jurisdiction over this action.").

### A. Plaintiff AFLDS Lacks Standing Because It Is Not Subject to the Policy

Plaintiff AFLDS lacks Article III standing to bring this claim because the Policy does not require anything with respect to AFLDS, which is not a covered individual under the Policy. Ex. 2 to the Kuwahara Decl. In Opp'n to Pls.' TRO, ECF No. 13-1 at 6; Compl. ¶¶ 4-11, 21, ECF No. 1. To establish injury in fact, a party must show it suffered an invasion of a legally protected interest. *Hajro v. U.S. Citizenship & Immigr. Servs.*, 811 F.3d 1086, 1102 (9th Cir. 2016) (citing *City of*

1  *Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983)) ("Where a party seeks injunctive
2  relief, he must allege a sufficient likelihood that he will be subjected in the future to
3  the allegedly illegal policy"). Here, AFLDS is not a covered individual under the
4  Policy and cannot establish even the possibility, let alone the required "likelihood,"
5  that it will be subjected to the Policy. Therefore, AFLDS lacks standing and all of
6  its claims should be dismissed.

   **B.  Plaintiffs Powell and Choi Lack Standing Because** ■■■

   Plaintiffs Powell and Choi's claims should be dismissed because ■■■

   With no case or controversy, this Court lacks jurisdiction.

   **III. All Claims Against The Regents and the Fourth and Fifth Causes of Action Against All Defendants Are Barred by the Eleventh Amendment**

   Even if Plaintiffs otherwise have standing, the Court should still dismiss any and all claims asserted against The Regents and the fourth and fifth causes of action against all defendants. The Eleventh Amendment of the U.S. Constitution bars

those claims.

### A. The Eleventh Amendment Bars All Claims Against The UC Regents

As this Court has previously held, "the Regents of the University of California 'are an arm of the state entitled to Eleventh Amendment immunity.'" Order Denying Ex Parte Application for TRO, ECF No. 18 at 9 (quoting *Feied v. The Regents of the Univ. of California*, 188 F. App'x 559, 561 (9th Cir. 2006)). "The Eleventh Amendment protects states and state instrumentalities, such as The Regents, from suit in federal court." *Doe v. The Regents of the Univ. of Cal.*, 891 F.3d 1147, 1153 (9th Cir. 2018). "There are three exceptions to this rule: (1) 'Congress may abrogate that immunity pursuant to its lawmaking powers; (2) 'a state may waive its Eleventh Amendment immunity by consenting to suit'; and (3) 'immunity does not apply when the plaintiff' sues a state official in his or her official capacity for prospective injunctive relief." *Deanco Healthcare, LLC*, 365 F. Supp. 3d at 1035 (citations omitted) (dismissing claims against the State of California with prejudice). None of the exceptions to sovereign immunity applies here.

First, Congress has not abrogated immunity. Indeed, The Regents is not subject to suit under 42 U.S.C. § 1983. Section 1983 allows suits against "person[s]." 42 U.S.C. § 1983. As a state instrumentality, The Regents is not "a person" under 42 U.S.C. § 1983. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 70-71 (1989) (excluding states from the definition of "persons" in section 1983 actions). The first cause of action for declaratory relief under 28 U.S.C. § 2201 is a remedy, not a standalone cause of action, and thus does not confer jurisdiction. *Leigh-Pink v. Rio Properties*, LLC, 849 F. App'x 628, 630 (9th Cir. 2021) ("The Declaratory Judgment Act, 28 U.S.C. § 2201, creates only a remedy, not a cause of action."); *Stock W., Inc. v. Confederated Tribes of the Colville Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989) (dismissing Plaintiff's claim under the Declaratory

Judgement Act, stating that it "only creates a remedy and is not an independent basis for jurisdiction.").

Second, The Regents has not waived its Eleventh Amendment immunity. Any waiver and consent to suit must be unequivocally expressed. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984).

Finally, The Regents is a corporation established under the Constitution of the State of California and is not a state official. *See* Cal. Const., Art. IX § 9 ("The University of California shall constitute a public trust, to be administered by the existing corporation known as 'The Regents of the University of California'").

Accordingly, all claims against The Regents must be dismissed.

**B.     The Eleventh Amendment Bars Plaintiffs' California Law Claims (Fourth and Fifth Causes of Action) Against All Defendants**

Additionally, Plaintiffs' fourth and fifth causes of action are barred because the Eleventh Amendment prohibits bringing state law claims against state instrumentalities and officials (acting in their official capacities) in federal court. *Doe*, 891 F.3d at 1153.

Plaintiffs' fourth cause of action is based on "California Civil Code, Section 51. *et seq.*," also known as the "Unruh Act," (Compl. ¶ 67) and is brought against the Regents—a state instrumentality—and President Drake and Chancellors Wilcox and Gillman—state officials—in their official capacities.  As such, the fourth cause of action is entirely barred by the Eleventh Amendment. *Doe*, *supra* (injunctive relief not available against state instrumentality or state official in his official capacity); *Vasquez v. Rackauckas*, 734 F.3d 1025, 1041 (9th Cir. 2013) (same); *Culinary Studios, Inc. v. Newsom*, 517 F. Supp. 3d 1042, 1058 (E.D. Cal. 2021) (same); *Son Hong v. Read*, 2020 WL 4341726, at *6 (C.D. Cal. Mar. 16, 2020), *report and recommendation adopted sub nom. Hong v. Read*, 2020 WL 4342539 (C.D. Cal. Apr. 3, 2020) (same); *AshBritt, Inc. v. Ghilarducci*, 2020 WL 7388071, at *4 (N.D. Cal. Dec. 16, 2020) (same).

Likewise, Plaintiffs' fifth cause of action is also based on California law, specifically sections 11135 and 11139 of the California Government Code (Compl. ¶ 76-77), and brought against The Regents (a state instrumentality), and President Drake, Chancellor Wilcox, and Chancellor Gillman (state officials) in their official capacities. As noted above, these claims are entirely barred in federal court by the Eleventh Amendment. *Doe*, 891 F.3d 1153; *Vasquez*, 734 F.3d 1041; *Culinary Studios, Inc.*, 517 F. Supp. 3d 1058; *Son Hong*, 2020 WL 4341726, at *6; *AshBritt, Inc.*, 2020 WL 7388071, at *4. Plaintiffs' fourth and fifth causes of action should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant the Motion and dismiss this case.

DATED: September 24, 2021         CROWELL & MORING LLP


By: */s/ Emily T. Kuwahara*
Emily T. Kuwahara
Kristin J. Madigan
Suzanne E. Rode
Uri Niv
Attorneys for Defendants
KIM A. WILCOX, HOWARD GILLMAN, THE REGENTS OF THE UNIVERSITY OF CALIFORNIA AND MICHAEL V. DRAKE