1

2

3

4

5

Christina Gilbertson (California Bar No. 236877)
christina@jfnvlaw.com
Jennings & Fulton, LTD
2580 Sorrel Street
Las Vegas, NV 89146
Phone: 702-979-3565

6

7

8

9

Gregory J. Glaser (California Bar No. 226706)
greg@gregglaser.com
Greg Glaser, Attorney at Law
4399 Buckboard Drive #423
Copperopolis, CA 95228
Phone: 925-642-6651

10

11

12

13

14

15

Joseph S. Gilbert (Nevada Bar No. 9033)
joey@joeygilbertlaw.com
Joey Gilbert & Associates
405 Marsh Avenue
Reno, NV 89509
Phone: 775-284-7700
*Admitted pro hac vice*

16

Attorneys for Plaintiffs

17

18

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

19

20

21

22

23

24

25

26

27

28

AMERICA'S FRONTLINE
DOCTORS, *et al.*,

        *Plaintiffs*,

    v.

KIM A. WILCOX, in his official
capacity as CHANCELLOR OF
THE UNIVERSITY OF
CALIFORNIA RIVERSIDE, *et al.*,

        *Defendants*.

**Case Number: 5:21-cv-01243**

**PLAINTIFFS' NOTICE OF
INTENT TO AMEND
COMPLAINT CONSISTENT
WITH PENDING APPELLATE
REVIEW; MOTION TO DISMISS
IS MOOT**

**Hearing Date:** October 25, 2021
**Time:** 9:00AM
**Judge:** Honorable Jesus G. Bernal

Plaintiffs' Notice of Intent to Amend Complaint; Opposition to Motion to Dismiss

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## OPPOSITION TO MOTION TO DISMISS

**1. Defendants' Motion to Dismiss Is Moot.**

Pursuant to FRCP 15, Defendants' motion to dismiss is moot because Plaintiffs are amending the Complaint prior to the October 25 hearing, including the addition of new student plaintiffs who did <u>not</u> receive an exception from the vaccine mandate.[1]

This amendment to the complaint protects standing, provides further corroborating evidence for the *existing* allegations, and does not change Plaintiffs' pending and valid petition to the US Supreme Court (Case No. 21-295 for writ of mandamus to this Court to apply strict scrutiny in this case on Plaintiffs' Request for TRO).

**2. Defendants' Motion to Dismiss Lacks Merit.**

Across the country, District Courts are beginning to apply strict scrutiny to vaccine mandates at schools and places of employment, such as:

- *Magliulo v. Edward Via Coll. of Osteopathic Med.*, No. 3:21-CV-2304, 2021 U.S. Dist. LEXIS 159265, at *18 (W.D. La. Aug. 17, 2021) (agreeing with State attorney general and granting TRO for student challenging college vaccine mandate because "VCOM can likely show a compelling state interest (safety of students, employees, and patients), but is unlikely to meet the second prong, that it used the least restrictive means of compelling that interest.")

- *Dahl v. Bd. of Trs. of W. Mich. Univ.*, No. 1:21-cv-757, 2021 U.S. Dist. LEXIS 167041, at *5 (W.D. Mich. Aug. 31, 2021) (granting TRO for student challenging college vaccine mandate because "Plaintiffs have established a likelihood of success on the merits of the Free Exercise

---

[1]    FRCP 15(a)(1), "A party may amend its pleading once as a matter of course within… 21 days after service of a motion under Rule 12(b)".

1               Claims. Plaintiffs have established that WMU's vaccination

2               requirement is subject to strict scrutiny."

3           •  *Dr. A v. Hochul*, No. 1:21-CV-1009, 2021 U.S. Dist. LEXIS 177761

4               (N.D.N.Y. Sep. 14, 2021) (granting TRO for hospital workers asserting

5               strict scrutiny in challenge to vaccine mandate, and shifting burden to

6               the State to show cause why the TRO should not be converted to a

7               preliminary injunction).

8        Many state courts are also applying strict scrutiny. See e.g., *Michalski et*

9 *al. v. St. John Fisher College, et al.* (State of New York, Supreme Court: County

10 of Onondaga, Index No. 8063/2021). Emergency Order to Show Cause With

11 Temporary Restraining Order, dated September 21, 2021 (granting TRO and

12 Burden Shifting for students asserting strict scrutiny in challenge to college

13 vaccine mandate); *Friend et al. v. City of Gainesville* (State of Florida, Circuit

14 Court: Alachua County, Case No. 01-2021-CA-2412). Order Granting Plaintiffs'

15 Petition for Temporary Injunction, dated September 22, 2021 (applying strict

16 scrutiny to grant TRO for city employees challenging city's vaccine mandate).

17        Undersigned counsel finds there are also District Court Judges (including

18 the Honorable Jesus G. Bernal) applying rational basis review in deference to

19 government mandates that healthy people be injected with Covid-19 gene

20 therapy biotechnology (vaccines):

21           •  *America's Frontline Doctors v. Wilcox*, No. EDCV 21-1243 JGB (KKx),

22               2021 U.S. Dist. LEXIS 144477 (C.D. Cal. July 30, 2021)

23           •  *Klaassen v. Trs. of Ind. Univ.*, No. 1:21-CV-238 DRL, 2021 U.S. Dist.

24               LEXIS 133300 (N.D. Ind. July 18, 2021)

25           •  *Bridges v. Hous. Methodist Hosp.*, No. H-21-1774, 2021 U.S. Dist. LEXIS

26               110382 (S.D. Tex. June 12, 2021)

27        So far, the outcome of legal challenges to vaccine mandates (freedom v.

28 forcing biotechnology on healthy citizens) has depended *entirely* on the level of

scrutiny applied by the District Court Judge.  Therefore, Plaintiffs respectfully

submit that appellate court resolution of the conflict among District Courts is

likely to decide the outcome of the pretrial motions in this case, including

Defendants' motion to dismiss that is now moot.

In addition to being moot, Defendants' motion to dismiss should fail for

the following independent reasons:

**A.** **Duress.** Plaintiff Students only obtained 'exceptions' to the vaccine

mandate under duress. Duress is explicitly cited in the Complaint and again in

each student's declaration in support of Plaintiffs' Request for Temporary

Restraining Order.[2]

**B.** **Harms Remain.** Plaintiff Students are currently being subjected to

'separate but equal' schooling at the UC on a daily basis -- it is oppressive and

Orwellian.  UC management is engaged in pseudo-science to target natural and

religious peoples for committing the 'offense' of simply existing with natural

immunity.  See especially paragraph 22 of the Complaint:

> Defendants' unscientific discrimination against unvaccinated Covid-19 recovered students with superior immunity foreseeably places such students, including Plaintiffs, under duress with respect to their exercise of informed consent/refusal of Covid-19 vaccination. Among the duress techniques utilized by Defendants are the

[2]    Here is a representative example, "UC Irvine's implementation of the UC's Covid-19 vaccine mandate has put Deborah under duress and impaired her ability to exercise informed consent/refusal of the Covid-19 vaccine with physicians of her choice." Complaint, para. 13. "This mandate also puts me under duress by requiring an immediate decision within the next week. It presents me with an ultimatum between accepting this novel genetic medical intervention (the Covid-19 vaccine) and standing to lose everything I have worked for at UCI--my scholarship, my connections to the UCI community, mentorship relationships with professors, leadership opportunities this fall, financial stability, and even my very academic enrollment." Deborah Choi Declaration in Support of Plaintiffs' Request for Temporary Restraining Order, paragraph 6.

following examples, which techniques are a pattern and practice that Defendants tweak rapidly and dictate forcefully:

- Dictating that Covid-19 vaccinated students may breathe freely, but unvaccinated Covid-19 recovered students with superior immunity can only breathe as the UC and Chancellor authorize.

- Dictating that Covid-19 vaccinated students are presumed healthy, but unvaccinated Covid-19 recovered students with superior immunity must submit to PCR genetic testing (performed for example by forceful penetration of the student's nasal cavity creating risk of serious harm) and miscellaneous health examinations intruding student medical privacy.

- Dictating that Covid-19 vaccinated students may physically access classes on campus, but unvaccinated Covid-19 recovered students with superior immunity are denied access to the education (and the rights and services that come with it, including healthcare) for which they have prepaid and invested their livelihoods.

- Dictating Covid-19 vaccinated students may congregate normally, but unvaccinated Covid-19 recovered students with superior immunity must maintain 6-feet distancing from others, and be subjected to various physical barriers.

- Distributing gifts, prizes, and incentives to Covid-19 vaccinated persons, but isolating unvaccinated Covid-19 recovered students with superior immunity.

All of the above techniques create an educational environment that is separate, unequal, and discriminatory based on medical condition and genetic status.

Although student plaintiffs have been temporarily permitted to continue enrollment at the UC, the harms described in the complaint remain in full force under the 'separate but equal' policies implemented by Defendants. See e.g., Complaint, para. 21, "Defendants are unconstitutionally coercing and segregating Plaintiffs without scientific justification because Plaintiffs are exercising their

Plaintiffs' Notice of Intent to Amend Complaint; Opposition to Motion to Dismiss

1  Constitutional, and federal and state statutory, rights to decline involuntary

2  injection of harmful experimental drugs."

3       **C.**    **UC Bait & Switch Scheme.** It is transparent that the

4  testing/sequestration regime for the Covid unvaccinated is much stricter than for

5  the Covid vaccinated (https://ucop.edu/uc-health/_files/fall-2021-covid-19-

6  prevention-strategies-july.pdf shows the current rules). For example, it is

7  particularly striking that a negative test result upon return does not release the

8  Covid unvaccinated person from their sequestration requirement.

9       Additionally, just as Defendants performed a bait & switch this summer

10  (first claiming EUA vaccines would not be mandatory, then flip flopping to make

11  them mandatory), so too Defendants have laid the foundation for a bait & switch

12  in 2021-22 with religious exemptions, as follows: Defendants are presently

13  offering students a religious exemption to vaccination that Defendants plan to

14  unilaterally remove from students at Defendants' earliest strategic opportunity,

15  *after* Defendants have forced students with religious exemptions to submit

16  multiple Covid-19 test results to Defendants. Defendants are heavily invested in

17  a Covid-19 propaganda narrative that requires and benefits from Defendants

18  generating false positive test results (i.e., high cycle PCR results known to be

19  false positives) that Defendants can claim are genuine positives (i.e., to justify

20  Defendants' ongoing separate but equal school policy).

21       **D.**    **Vaccine Mandate Exemptions Are Not Arbitrarily Limited to**

22  **One Constitutional Right Only.** When it comes to asserting constitutional

23  rights (i.e., 1st Amendment freedom of religion, 14th Amendment bodily

24  integrity), an individual is not required to make an 'election of remedies' by

25  choosing only one constitutional right. An individual is entitled to the full suite

26  of Constitutional rights, and if denied any constitutional right (i.e., here the UC is

27  denying a 14th Amendment bodily integrity exemption based on natural

28  immunity), the individual is entitled to a remedy. It is a maxim of law that

'where there is a wrong, there is a remedy'. Any other conclusion would allow

the UC to pigeon hole students into exercising only one Constitutional right (i.e.,

1st Amendment prohibition on government prohibiting free exercise of religion),

while allowing the UC to concurrently disclaim other rights (i.e., 14th

Amendment prohibition on government mandating participation in medical

experiments).  The government cannot claim that only religious people have the

right to opt-out of government medical experiments.  Indeed, Plaintiffs

specifically pled for declaratory relief here in regards to their 14th Amendment

right of bodily integrity, which Defendants are actively subverting to enforce a

'separate but equal' policy. See e.g., Complaint, paras. 43 and 86:

> Plaintiffs are the only competent persons able to provide
> consent/refusal to the injection of Covid-19 vaccines into
> themselves.  Neither Defendants nor third parties (such as the
> FDA) are able to provide such consent/refusal on behalf of
> Plaintiffs, nor can Defendants or third parties waive Plaintiffs'
> rights to informed consent/refusal of Covid-19 vaccines. Because
> Defendants have indicated that consent to injection of a Covid-19
> vaccine is an imminent condition of their ongoing college
> participation (and, hence, future livelihood), Plaintiffs fundamental
> rights are in jeopardy, and, so, Plaintiffs seek declaratory relief to
> clarify their rights, and to, thereby, prevent immediate harm.
> Plaintiffs request the Court grant the following relief…Issue a
> declaratory judgment that Defendants' unscientific decision to
> reject Prescreening science, in order to unscientifically propagate
> Defendants' one-size-fits-all vaccine mandate, imminently
> threatens the lives of Plaintiffs, and others, and unlawfully
> segregates them based on their Covid-19 Recovered medical
> condition and natural genetic status, which is an unlawful
> infringement by Defendants upon Plaintiffs' constitutional rights,
> that places Plaintiffs' lives and public health in jeopardy.

Even the mainstream news has come around to recognizing natural

immunity as a legitimate scientific basis for exemption.  See attached article.

Keenan, A. (September 25, 2021). *Natural immunity emerges as potential legal*

1     *challenge to federal COVID-19 vaccination mandates.* Yahoo Finance.

2     https://finance.yahoo.com/news/natural-immunity-covid-19-legality-substitute-

3     vaccination-123106323.html.

4          **E.**     **AFLDS Has Both Direct and Associational Standing.** See e.g.,

5     Complaint, paragraph 5, "AFLDS member physicians provide care to UC

6     students (including for example in Riverside County) directly impacted by the

7     UC's Covid-19 vaccine mandate, which is impairing physician-patient

8     relationships, and the ability of the patients to exercise informed consent/refusal

9     without duress caused by the UC." See also references in the Complaint to

10     affected UC Students who have "joined [their] local chapter of AFLDS as a non-

11     physician Citizen Corps member."

12     //

13     Respectfully submitted this September 30, 2021

14

15               */s/ Christina Gilbertson*
              Christina Gilbertson (California Bar No. 236877)

16               christina@jfnvlaw.com
              Jennings & Fulton, LTD

17               2580 Sorrel St.
              Las Vegas, NV 89146

18               Phone: 702-979-3565

19

20               Attorneys for Plaintiffs

21

22

23

24

25

26

27

28

Plaintiffs' Notice of Intent to Amend Complaint; Opposition to Motion to Dismiss