EMILY T. KUWAHARA (SBN 252411)
ekuwahara@crowell.com
URI NIV (SBN 307487)
univ@crowell.com
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, CA 90071
Telephone: 213.622.4750
Facsimile: 213.622.2690

KRISTIN J. MADIGAN (SBN 233436)
kmadigan@crowell.com
SUZANNE E. RODE (SBN 253830)
srode@crowell.com
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Telephone: 415.986.2800
Facsimile: 415.986.2827

[Additional Counsel Listed on Next Page]

Attorneys for Defendants
KIM A. WILCOX, HOWARD GILLMAN,
THE REGENTS OF THE UNIVERSITY OF
CALIFORNIA AND MICHAEL V. DRAKE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| AMERICA'S FRONTLINE DOCTORS, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>KIM A. WILCOX, in his official capacity as CHANCELLOR OF THE UNIVERSITY OF CALIFORNIA RIVERSIDE, et al.,<br><br>　　　　Defendants. | Case No. 5:21-cv-01243-JGB-KK<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS UNDER FED. R. CIV. PROC. 12(B)(1)**<br><br>Date:　　October 25, 2021<br>Time:　　9:00 a.m.<br>Ctrm.:　　Riverside, Courtroom 1<br>Judge:　　Hon. Jesus G. Bernal<br><br>Date Action Filed:　　July 26, 2021 |

CHARLES F. ROBINSON (SBN 113197)
charles.robinson@ucop.edu
NORMAN J. HAMILL (SBN 154272)
norman.hamill@ucop.edu
KATHARINE ESSICK (SBN 219426)
katharine.essick@ucop.edu
UNIVERSITY OF CALIFORNIA
Office of General Counsel
1111 Franklin Street, 8th Floor
Oakland, CA 94607
Telephone: 510.987.9800
Facsimile: 510.987.9757

Attorneys for Defendants
KIM A. WILCOX, HOWARD GILLMAN,
THE REGENTS OF THE UNIVERSITY OF
CALIFORNIA AND MICHAEL V. DRAKE

## I. INTRODUCTION

Plaintiff America's Frontline Doctors ("AFLDS"), and student Plaintiffs Carly Powell and Deborah Choi filed a response to Defendants' Motion to Dismiss ("Motion"), but instead of calling it an "opposition," they have named it a "Notice of Intent to Amend Complaint with Pending Appellate Review." The name of the document, coupled with the first heading of "Opposition to Motion to Dismiss," makes Plaintiffs' intentions unclear. Regardless of the name of the document, Plaintiffs' response fails to address Defendants' arguments that all Plaintiffs lack standing and that the Eleventh Amendment is a bar to all claims against The Regents of the University of California ("UC") and to the fourth and fifth causes of action against all Defendants. In the notice/opposition, Plaintiffs argue that Defendants' Motion is moot because Plaintiffs intend to amend their Complaint at some future date, and they improperly argue the merits of the case and raise new factual allegations. Because Plaintiffs' Complaint is still operative as of the time of filing this reply, and Plaintiffs continue to lack standing, Defendants respectfully request that the Court grant Defendants' Motion and dismiss all claims under Federal Rule of Civil Procedure 12(b)(1).

## II. ARGUMENT

### A. Defendants' Motion Is Not Moot Because Plaintiffs' Complaint Contains the Same Causes of Action by the Same Plaintiffs.

Plaintiffs' assertion that they intend to amend their complaint before the hearing on October 25 does not moot Defendants' Motion. *See* Opp. at 1. ECF No. 28. Indeed, the filing of an opposition to the Motion, in the absence of any amendment to or voluntary dismissal of the Complaint, demonstrates that the Motion is not moot. *Id.* Plaintiffs cannot simply declare a motion moot based on their stated intentions and absent any action. *Bravo v. Argent Mortg. Co., LLC*, No. CV-0902736-DDP-CTX, 2009 WL 2048918, at *1 (C.D. Cal. July 10, 2009) ("Plaintiff has also not filed an amended complaint that would make moot the

Motion to Dismiss"). Because Plaintiffs have not amended their Complaint or dismissed the matter, the issues raised in Defendants' Motion still need to be resolved by the Court.

Moreover, even if Plaintiffs were to amend their complaint "prior to the October 25 hearing," Defendants and the Court do not know what an amended complaint might allege nor when Plaintiffs plan to file the amendment. Any amendment after October 15, 2021 would require approval from the Court. Opp. at 1. ECF No. 28; Fed. R. Civ. Proc. 15(a)(1)(B) ("[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b))."[1] As such, any amendment to the Complaint after October 15 would not automatically result in a dismissal of claims challenged by Defendants' Motion.

### B. Plaintiffs Improperly Argue the Merits of the Case and Cite to Irrelevant Cases.

Plaintiffs use most of their responsive brief to assert arguments about the merits of their claims instead of addressing Defendants' Motion. Plaintiffs cite three federal cases to support their assertion that "[a]cross the country, District Courts are beginning to apply strict scrutiny to vaccine mandates." Opp. at 1. ECF No. 28. Even assuming that is true, cases concerning the appropriate level of constitutional scrutiny are irrelevant to Plaintiffs' lack of standing and to the absolute bar to bringing state claims against all Defendants, and any claims against UC, in federal court. *See* Mot. 4-8, ECF No. 25-1.

Furthermore, even if constitutional scrutiny were relevant to Defendants' Motion, Plaintiffs mischaracterize the cases they cite by simply stating that they are "applying strict scrutiny." Opp. at 2. ECF No. 28. In fact, these cases are inapposite because they concern a specific set of circumstances that are not relevant to this matter: they relate to vaccine mandates that either (a) fail to contain a

---

[1] Because Defendants filed their Motion on September 24, 2021, Plaintiffs may only amend their Complaint without court approval before October 15, 2021.

religious exemption, or (b) improperly deny religious exemptions to qualified individuals. *Magliulo v. Edward Via Coll. of Osteopathic Med.*, No. 3:21-CV-2304, 2021 WL 3679227, at *1, *7 (W.D. La. Aug. 17, 2021) (communications about a COVID-19 vaccine policy "[did] not recognize either religious or medical exemptions" and although plaintiffs were granted an exemption, defendant school "did not follow its own policies, but added . . . additional restrictions," contrary to Louisiana law); *A. v. Hochul*, No. 1:21-CV-1009, 2021 WL 4189533, at *1 (N.D.N.Y. Sept. 14, 2021) (court ordered suspension of only one facet of a vaccine mandate – that which required employers to "deny religious exemptions" to the mandate or revoke previously granted exemptions); *Dahl v. Bd. of Trustees of W. Michigan Univ.*, No. 1:21-CV-757, 2021 WL 3891620, at *2 (W.D. Mich. Aug. 31, 2021) (all members of the university's soccer team who applied for a religious exemption "were *denied* an exemption for their religious beliefs" in a manner that suggested that no religious exemption were allowed) (emphasis in original); *Michalski v. St. John Fisher College*, No. 008063/2021 (NY Sup. Ct., Onondaga Cnty. 2021), Complaint, NYSCEF Doc. No. 1, at ¶¶ 47-48 (defendant school denied Plaintiff students a religious exception "without explanation").[2]

    First, as Plaintiffs are aware, the UC COVID-19 Vaccine Policy does contain a religious exception, Compl. ¶ 36, distinguishing this case from those cited. Moreover, vaccine requirements that contain religious exceptions are regularly upheld under rational basis review, as this Court has already found.  July 30, 2021 Ct. Order at 6. ECF No. 18 ("Strict scrutiny is not applicable here"); *Dahl,* 2021 WL 3891620, at *2 (vaccination requirement "which includes an exemption for

---

[2] In the final case cited by Plaintiffs, *Friend v. City of Gainesville*, plaintiffs alleged that the vaccine mandate violated their right to privacy under the *Florida* Constitution, which has no bearing on this case. No. 2021-CA-2412 (8th Cir. Ct., Alachua County, 2021), Filing No. 135095002 at 5 ("The analysis for issuance of a temporary injunction based on a privacy challenge under Florida's constitution is entirely different from the ordinary four-element analysis for other temporary injunction proceedings").

religious beliefs, would be subject to rational review") (citing *Klaassen v. Trustees of Indiana Univ.*, 7 F.4th 592, —— (7th Cir. 2021)); *Kheriaty v. Regents of the Univ. of California*, No. SACV 21-01367 JVS (KESx) (C.D. Cal September 29, 2021); *Klaassen v. Trustees of Indiana Univ.*, __ F. Supp. 3d. __, No. 1:21-CV-238, 2021 WL 3073926 (N.D. Ind. July 18, 2021); *W.D. v. Rockland Cnty.*, 521 F. Supp. 3d 358 (S.D.N.Y. 2021); *Doe v. Zucker*, 520 F. Supp. 3d 217 (N.D.N.Y. 2021); *Harris v. Univ. of Mass.*, No. 21-CV-11244-DJC, 2021 WL 3848012 (D. Mass. Aug. 27, 2021); *Valdez v. Grisham*, No. 21-CV-783 MV/JHR, 2021 WL 4145746 (D.N.M. Sept. 13, 2021).

Second, each of the student Plaintiffs did obtain an exception to the policy. Opp. at 3. ECF No. 28. Thus, cases analyzing denials of exceptions are inapplicable here.

### C. Plaintiffs Improperly Raise New Arguments in their Opposition.

Plaintiffs raise irrelevant and novel factual allegations in their opposition that are missing from their Complaint. *Winn v. Lassen Canyon Nursery Inc.*, No. 2:10-CV-1030-JAM-CMK, 2010 WL 4688798, at *2 (E.D. Cal. Nov. 10, 2010) (citing *Schneider v. California Dept. of Corrections,* 151 F.3d 1194, 1197 (9th Cir. 1998)) ("When ruling on a motion to dismiss, the focus of the Court is on the allegations of the Complaint. The Court may not consider new allegations and arguments raised in the opposition brief"). For example, student Plaintiffs argue that they obtained approval for one of the UC's COVID-19 Vaccine Policy's exceptions "under duress." Opp. at 3. ECF No. 28. This assertion is neither relevant nor properly raised in Plaintiffs' Opposition.

In any event, Plaintiffs' motivation for seeking one of the exceptions to the UC Policy is irrelevant. Plaintiffs assert in their Complaint that they would be injured by the requirement that students be fully vaccinated against COVID-19 before physically accessing UC's locations and programs. Plaintiffs are no longer subject to that requirement, and thus cannot claim an injury in fact.

### D. AFLDS Lacks Standing.

Finally, in their opposition Plaintiffs assert in two sentences that AFLDS has "direct and associational standing" because "AFLDS member physicians provide care to UC students . . . directly impacted" by UC's Policy. Opp. at 7. ECF No. 28. But, as noted in Defendants' Motion, AFLDS is not a covered individual under the Policy and is thus not subject to the Policy. The only other basis for standing asserted by AFLDS in either its Complaint or Opposition is its standing by association by way of "affected UC Students." *Id*. This argument fails because Plaintiffs Powell and Choi both lack standing, and therefore cannot confer standing on AFLDS. AFLDS's claims should be dismissed because it lacks direct and associational standing.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' Motion to Dismiss.

DATED: October 8, 2021     CROWELL & MORING LLP

By: */s/ Emily T. Kuwahara*
Emily T. Kuwahara
Kristin J. Madigan
Suzanne E. Rode
Uri Niv
Attorneys for Defendants
KIM A. WILCOX, HOWARD GILLMAN, THE REGENTS OF THE UNIVERSITY OF CALIFORNIA AND MICHAEL V. DRAKE