EMILY T. KUWAHARA (SBN 252411)
   ekuwahara@crowell.com
URI NIV (SBN 307487)
   univ@crowell.com
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, CA 90071
Telephone: 213.622.4750
Facsimile: 213.622.2690

KRISTIN J. MADIGAN (SBN 233436)
   kmadigan@crowell.com
SUZANNE E. RODE (SBN 253830)
   srode@crowell.com
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Telephone: 415.986.2800
Facsimile: 415.986.2827

[Additional Counsel Listed on Next Page]

Attorneys for Defendants
KIM A. WILCOX, HOWARD GILLMAN, CYNTHIA LARIVE, GENE BLOCK, THE REGENTS OF THE UNIVERSITY OF CALIFORNIA AND MICHAEL V. DRAKE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| AMERICA'S FRONTLINE DOCTORS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KIM A. WILCOX, in his official capacity as CHANCELLOR OF THE UNIVERSITY OF CALIFORNIA RIVERSIDE, et al.,<br><br>Defendants. | Case No. 5:21-cv-01243-JGB-KK<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS FIRST AMENDED COMPLAINT UNDER FED. R. CIV. PROC. 12(B)(1) AND 12(B)(6)**<br><br>Date:       January 3, 2022<br>Time:      **9:00 a.m.**<br>Ctrm.:     Riverside, Courtroom 1<br>Judge:    Hon. Jesus G. Bernal<br><br>Date Action Filed:    July 26, 2021 |

CHARLES F. ROBINSON (SBN 113197)
charles.robinson@ucop.edu
NORMAN J. HAMILL (SBN 154272)
norman.hamill@ucop.edu
KATHARINE ESSICK (SBN 219426)
katharine.essick@ucop.edu
UNIVERSITY OF CALIFORNIA
Office of General Counsel
1111 Franklin Street, 8th Floor
Oakland, CA 94607
Telephone: 510.987.9800
Facsimile: 510.987.9757

Attorneys for Defendants
KIM A. WILCOX, HOWARD GILLMAN,
CYNTHIA LARIVE, GENE BLOCK,
THE REGENTS OF THE UNIVERSITY OF
CALIFORNIA AND MICHAEL V. DRAKE

| | | | |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | ARGUMENT | | 3 |
| | A. | The Court May Decline to Consider Plaintiffs' Untimely Opposition Brief. | 3 |
| | B. | Plaintiffs' Opposition Primarily and Improperly Relies Upon Materials that Are Not Subject to Judicial Notice. | 3 |
| | C. | This Court Should Dismiss the First Amended Complaint for Lack of Standing, As Plaintiffs Cannot Point to Any Allegations that Establish Standing. | 4 |
| | D. | This Court Should Dismiss the First Amendment Claim Because Plaintiffs' Arguments Demonstrate that Plaintiffs Did Not Allege a Free Exercise of Religion Claim. | 5 |
| | E. | This Court Should Dismiss the Fourth Amendment Claims Because Plaintiffs Have No General Privacy Claim and Have Not Alleged an Unreasonable Search or Seizure. | 6 |
| | F. | The Court Should Dismiss the Fourteenth Amendment Bodily Integrity Claim Because, As Plaintiffs Acknowledge, Under Rational Basis Review, Their Claims Fail. | 7 |
| | G. | The Court Should Dismiss the Fourteenth Amendment State-Created Danger Claim Because Plaintiffs' Rhetoric Regarding Vaccinations Does Not State a Plausible Claim. | 10 |
| | H. | Plaintiffs' Argument Regarding Emergency Use Authorization Lacks Coherence and Is Not Tied to Any Alleged Cause of Action. | 10 |
| III. | CONCLUSION | | 11 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. Fed'n of State, Cty. & Mun. Emps. Council 79 v. Scott*,
   717 F.3d 851 (11th Cir. 2013)..................................................................................7

*Anderson v. City of Taylor*,
   No. 04-74345, 2005 WL 1984438 (E.D. Mich. Aug. 11, 2005).........................6

*Bostic v. McClendon*,
   650 F. Supp. 245 (N.D. Ga. 1986) ..........................................................................7

*BST Holdings, LLC v. Occupational Safety & Health Admin., U.S.
   Dep't of Labor*,
   17 F.4th 604 (5th Cir. 2021)......................................................................................9

*Bumper v. North Carolina*,
   391 U.S. 543 (1968) ....................................................................................................7

*Dahl v. Bd. of Trustees of W. Michigan Univ*,
   No. 1:21-CV-757, 2021 WL 3891620 (W.D. Mich. Aug. 31, 2021)...................8

*Dubbs v. Head Start, Inc.*,
   336 F.3d 1194 (10th Cir. 2003)................................................................................6

*Friend v. City of Gainesville*, Florida State Constitution No. 2021-CA-
   2412, Filing No. 135095002 (8th Cir. Cit., Alachua County, 2021) ...................9

*Ghazali v. Moran*,
   46 F.3d 52 (9th Cir. 1995)..........................................................................................3

*Harris v. McRae*,
   448 U.S. 297 (1980) ....................................................................................................5

*In re: MCP No. 165, Occupational Safety & Health Admin., Interim
   Final Rule: COVID-19 Vaccination & Testing Emergency Temp.
   Standard 86 Fed. Reg. 61402. Mass. Bldg. Trades Council v. U.S.
   Dep't of Labor, Occupational Safety & Health Admin.*,
   No. 21-4027, 2021 WL 5989357 (6th Cir. Dec. 17, 2021) ..................................9

*Johnson v. U.S.*,
    333 U.S. 10 (1948) ........................................................................................ 7

*Kheriaty v. Regents of the University of California*,
    No. SACV 21-1367-JVS (C.D. Cal. Dec. 8, 2021) ..................................... 2, 8

*Magliulo v. Edward Via Coll. of Osteopathic Med.*,
    No. 3:21-CV-2304, 2021 WL 3679227 (W.D. La. Aug. 17, 2021) .................... 8

*Mendoza v. Cty. of San Bernardino*,
    No. EDCV 19-1056-JGB, 2021 WL 4459659 (C.D. Cal. Aug. 27,
    2021) ............................................................................................................ 3

*Michalski, Madison v. St. John Fisher College*,
    No. 0008063/2021 (NY Sup. Ct., Onondaga Cty. 2021) ................................ 9

*Mission Fitness Ctr., LLC v. Newsom*,
    No. 220CV09824CASKSX, 2021 WL 1856552 (C.D. Cal. May 10,
    2021) ............................................................................................................ 3

*Patel v. Kent School Dist.*,
    648 F.3d 965 (9th Cir. 2011) ....................................................................... 10

*Schneckloth v. Bustamonte*,
    412 U.S. 218 (1973) ..................................................................................... 7

*Tomick v. United Parcel Serv., Inc.*,
    511 F. Supp. 2d 235 (D. Conn. 2007) ............................................................ 7

**Other Authorities**

C.D. Cal. R. 7-9 ................................................................................................... 3

C.D. Cal. R. 7-12 .............................................................................................. 1, 3

Fed. Rule of Evid. § 201 ...................................................................................... 4

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-iii-

DEFENDANTS' REPLY ISO MOT. TO DISMISS FAC;
CASE NO. 5:21-CV-01243-JGB-KK

## I. INTRODUCTION

Plaintiffs, in their late-filed opposition, fail to provide any legal basis to deny Defendants' motion to dismiss. Plaintiffs' opposition is largely based on rhetoric, and not on the allegations made in the First Amended Complaint nor any legal framework. UC's Vaccine Policy, including the requirement that individuals who have previously had COVID-19 must be fully vaccinated before physically accessing UC's locations (with limited deferrals and exceptions, including a temporary medical exemption of up to 90 days after a diagnosis of COVID-19), furthers UC's legitimate interest in protecting the health and safety of its community. Defendants' motion to dismiss should be granted, and the Plaintiffs' claims dismissed in their entirety with prejudice, for the following reasons.

*First*, this Court may decline to consider Plaintiffs' four-day late opposition brief due to their non-compliance with Local Rule 7-12. The Court may construe the late opposition as consent to the granting of the motion.

*Second*, Plaintiffs' Opposition primarily and improperly relies upon extraneous materials. Plaintiffs do not request judicial notice of these materials and provide no other basis for their consideration. Therefore, the Court should disregard these extraneous materials and the arguments citing them.

*Third*, this Court should dismiss the First Amended Complaint for lack of standing. In response to the identification of many deficiencies in allegations in standing by Defendants, Plaintiffs simply ignore the issue. Plaintiffs do not even attempt to point to any allegations that establish that student Plaintiffs are either subject to the vaccine requirement or have suffered an injury in fact. Further, the issue of whether the two new student Plaintiffs may proceed anonymously is not moot, as the joint motion requires a ruling from this Court. Plaintiffs also fail to point to any allegations to support Plaintiff America's Frontline Doctors' direct or associational standing.

*Fourth*, this Court should dismiss the First Amendment free exercise of

religion claim because Plaintiffs' opposition makes clear that this claim does not allege any burden on the exercise of religion. Plaintiffs admit that the claim does not address religion but actually challenges the justification for the Vaccine Policy in the first instance.

*Fifth*, Plaintiffs' Fourth Amendment claim fails because there is no "privacy" claim under the Fourth Amendment of the type brought by Plaintiff. To the extent testing could be considered a search, Plaintiffs make no effort to rebut case law cited by Defendants demonstrating that the "special needs" exception to the Fourth Amendments' prohibition on warrantless searches applies to regular testing for COVID-19.

*Sixth*, Plaintiffs' Fourteenth Amendment bodily integrity claim fails because the UC Vaccine Policy satisfies rational basis review. In a case brought on similar grounds challenging the same UC Vaccine Policy, Judge James V. Selna recently dismissed a complaint on the grounds that the University of California has a legitimate state interest in stemming the spread of COVID-19 and that UC's Vaccine Policy is rationally related to furthering that interest. *See Kheriaty v. Regents of the University of California*, No. SACV 21-1367 JVS (KESx) (C.D. Cal. Dec. 8, 2021) (attached as Exhibit A). The same analysis applies here.

*Seventh*, Plaintiffs' rhetoric against vaccination does not state a state-created danger claim. Again, Plaintiffs do not point to any allegations that would support that Defendants have engaged in "affirmative conduct on the part of the state in placing the plaintiff in danger" where the state "acts with 'deliberate indifference' to a 'known or obvious danger.'"

*Finally*, Plaintiffs' argument that this Court can deny this motion on the ground that COVID-19 emergency use authorized (EUA) products cannot be mandated lacks coherence and is not tied to any cause of action. This Court may disregard the EUA argument, as it has no relation to the counts alleged.

Plaintiffs cannot cure the fatal deficiencies in their amended complaint with

further amendments. Accordingly, Defendants respectfully request that this Court grant their motion to dismiss with prejudice.

## II. ARGUMENT

### A. The Court May Decline to Consider Plaintiffs' Untimely Opposition Brief.

Plaintiffs' opposition brief was due on December 13. C.D. Cal. R. 7-9 (Opposing Papers). Plaintiffs filed their opposition four days late on Friday evening. ECF No. 47. This left Defendants with only three days over a weekend, prejudicing Defendants' ability to prepare a reply.

Plaintiffs' failure to serve and file an opposition by the required deadline "may be deemed consent to the granting or denial of the motion." C.D. Cal. R. 7-12 (Failure to File Required Documents). This Court may "decline to consider any memorandum or other document not filed within the deadline set by order or local rule." *Id*. Where a party fails to comply with local rules governing resolution of a motion to dismiss, the failure to timely oppose a motion to dismiss, in and of itself, can operate as consent to granting the motion. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming grant of an unopposed motion to dismiss under local rule that deemed a litigant's failure to oppose as consent to granting the motion); *Mendoza v. Cty. of San Bernardino*, No. EDCV 19-1056-JGB (SHKx), 2021 WL 4459659, at *2 (C.D. Cal. Aug. 27, 2021) (dismissing action for non-compliance with Local Rule 7-12 where Plaintiff did not oppose motion to dismiss or request extension of time to file an opposition).

### B. Plaintiffs' Opposition Primarily and Improperly Relies Upon Materials that Are Not Subject to Judicial Notice.

Plaintiffs' opposition brief relies upon a bevy of links and citations that should not be considered on a motion to dismiss because they are outside of the allegations of the First Amended Complaint. *Mission Fitness Ctr., LLC v. Newsom*, No. 220CV09824CASKSX, 2021 WL 1856552, at *4 (C.D. Cal. May 10, 2021) ("a court cannot consider material outside of the complaint," but a court may "consider

exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201") (internal citations omitted). Because Plaintiffs do not provide legal support as to why these materials may be considered in opposition or request judicial notice of them, the Court should not consider these extraneous materials nor the arguments citing to them.[1]

### C. This Court Should Dismiss the First Amended Complaint for Lack of Standing, As Plaintiffs Cannot Point to Any Allegations that Establish Standing.

Plaintiffs attempt to hand wave away the lack of allegations supporting standing, but their rhetoric does substitute for this deficiency. In their opposition brief, Plaintiffs do not point to any allegations that demonstrate that each Plaintiff has standing that meets Article III requirements. Plaintiffs make one attempt to argue that Plaintiff A.B. is "eager to attend classes, but is forced into solitude solely because of the mandates." Opp. at 5. But, the paragraphs in the First Amended Complaint cited by Plaintiffs in their Opposition make no such allegations. Moreover, Plaintiffs do not even attempt to explain how Plaintiff A.B., who alleges that she has not yet contracted COVID-19, has standing. She would not even be entitled to the relief that Plaintiffs seek, which is specifically for individuals who have had a prior infection of SARS-CoV-2.

Plaintiffs also misstate the nature of the parties' joint motion relating to the new plaintiffs seeking to proceed by pseudonym. Defendants have not stipulated to allow the two new student Plaintiffs to proceed by pseudonym for pre-trial purposes. Rather, Defendants take no position on the two student plaintiffs' anonymity for pre-trial proceedings and request that the Court make the appropriate judicial determination based on the facts presented to it. Joint Motion, ECF No. 46. Thus, the issue is not moot, as the Court has not yet ruled on the motion. Should the Court deny the motion and the two student Plaintiffs opt not to reveal their names,

---

[1] The declaration filed with the opposition brief was not downloadable via PACER, as multiple attempts to download yielded an error. UC Defendants' counsel immediately requested a copy from Plaintiffs' counsel but never received a copy.

this Court would lack jurisdiction over their claims.

Finally, Plaintiffs fail to establish standing for AFLDS. Plaintiffs' allegation that AFLDS physicians cannot "write medical exemptions based on prescreening" is not a legally protected interest sufficient to confer direct Article III standing. Opp. at 7. AFLDS is not subject to the Vaccine Policy in any way, and therefore lacks direct standing. Nor does AFLDS have associational standing. Plaintiffs' conclusory statement that "the interests that AFLDS seek to protect are germane, and at the very core of the organizations purpose" again fails to show that the specific interests at stake here—"bodily integrity" (FAC ¶ 57), "right to privacy" (FAC ¶ 85), and "freedom of religion" (FAC ¶ 91-96)—are germane to AFLDS's organizational purpose. Opp. at 8. Moreover, the individualized nature of each Plaintiff's standing claim weighs against a finding of associational standing. AFLDS thus lacks both associational and direct standing and is barred from bringing this suit. *Harris v. McRae,* 448 U.S. 297 (1980) (organization's "diversity of view[s]" defeated associational standing).

### D. This Court Should Dismiss the First Amendment Claim Because Plaintiffs' Arguments Demonstrate that Plaintiffs Did Not Plausibly Allege a Free Exercise of Religion Claim.

Plaintiffs' articulation of its First Amendment religious freedom claim demonstrates that their claim is not about the disclosure of a religious belief or the exercise of a religious belief—indeed, it is not about religion at all. Rather, Plaintiffs argue that the UC Vaccine Policy is an "unfair segregation policy targeted to their natural genetic status." Opp. at 10. The challenge, as articulated by Plaintiffs, is whether there is a "personal or public health justification" for the Vaccine Policy "in the first place." Opp. at 10-11 (emphasis omitted).

Accordingly, Plaintiffs admit that they are not bringing a free exercise of religion claim, which, if properly alleged, would have related to the burden that the Policy places on an individual's free exercise of religion. Plaintiff's First Amendment claim does not state a claim and must be dismissed.

### E. This Court Should Dismiss the Fourth Amendment Claims Because Plaintiffs Have No General Privacy Claim and Have Not Alleged an Unreasonable Search or Seizure.

Plaintiffs' articulation of their Fourth Amendment claim of privacy is a hodgepodge, cherry-picked from equal protection cases, in support of an expressed desire not to mask or be tested. None of this adds up to a viable claim.

First, Plaintiffs do not challenge Defendant's position that the Fourth Amendment does not confer a general right to privacy. Plaintiffs also cite no law supporting the notion that a requirement to wear a mask violates the Fourth Amendment because it could make unvaccinated individuals easier to spot. Thus, the purported privacy claim must be dismissed.

Second, Plaintiffs fail to point to any allegations in the First Amended Complaint that they have suffered an injury-in-fact flowing from any requirement to wear a mask or participate in asymptomatic testing. Plaintiffs complain generally about the possibility of a false positive test result, which could require Plaintiffs to quarantine. Opp. at 15. Plaintiffs also assert in their Opposition, without providing any support, that "many students experience [the nasal swab] as painful and traumatic." Opp. at 15-16. But Plaintiffs have not alleged that such consequences have affected any Plaintiff in this case. The remote possibility of discomfort or inconvenience cannot serve as the basis of an injury-in-fact for a Fourth Amendment claim.

Third, contrary to Plaintiffs' arguments, the cases cited do not disfavor "public health testing" generally, but rather dragnet blood testing where the Government could not identify a "special need" furthered by the policy at issue. All these out-of-circuit cases are inapplicable here. *See* Opp. at 16-17; *Anderson v. City of Taylor*, No. 04-74345, 2005 WL 1984438 (E.D. Mich. Aug. 11, 2005) (determining all employees' cholesterol levels for wellness program is not a "special need"); *Dubbs v. Head Start, Inc.*, 336 F.3d 1194 (10th Cir. 2003) (identifying physical and developmental impediments in all children in Head Start

program is not a "special need"); *Am. Fed'n of State, Cty. & Mun. Emps. Council 79 v. Scott*, 717 F.3d 851 (11th Cir. 2013) (finding that Florida failed to make a showing of a "special need" for suspicionless drug testing of all Florida State employees); *see also Bostic v. McClendon*, 650 F. Supp. 245 (N.D. Ga. 1986) (urinalysis testing of police officer was in violation of her rights where no objective facts showed she had used marijuana).[2] Other cases cited by Plaintiffs on this point are even further afield and involve whether a warrant is required before law enforcement may search property in specific circumstances. *See* Opp. at 16-17; *Schneckloth v. Bustamonte*, 412 U.S. 218 (1973) (addressing whether police officers obtained sufficient consent before searching a vehicle); *Bumper v. North Carolina*, 391 U.S. 543 (1968) (addressing whether search of a house could be justified as lawful on the basis of consent given after search); *Johnson v. U.S.*, 333 U.S. 10 (1948) (warrant required to search house). Plaintiffs make no effort to rebut case law cited by Defendants demonstrating that the "special needs" exception to the Fourth Amendments' prohibition on warrantless searches applies to regular testing for COVID-19. *See* Motion at 18. The University's policy of requiring testing of unvaccinated students for SARS-CoV-2 infection in this context—if they qualify for one of the policy exceptions and as a condition of their physical access—is reasonable as a matter of law.

### F. The Court Should Dismiss the Fourteenth Amendment Bodily Integrity Claim Because, As Plaintiffs Acknowledge, Under Rational Basis Review, Their Claims Fail.

Plaintiffs essentially acknowledge that under rational basis review, they cannot prevail on their Fourteenth Amendment claim alleging an infringement on bodily integrity. *See, e.g.*, Opp. at 18. As this Court has already held in denying Plaintiffs' application for a temporary restraining order, rational basis is the appropriate level of review. Order Den. TRO at 5-6, ECF No. 18. The UC Vaccine

---

[2] *Tomick v. United Parcel Serv., Inc.*, 511 F. Supp. 2d 235 (D. Conn. 2007) involves Connecticut General Statutes, §§ 31–51x, which prohibit disability discrimination and drug testing absent reasonable suspicion, and are irrelevant.

Policy satisfies rational basis review.

In a case brought on similar grounds against UC President Michael Drake, Judge Selna held that President Drake was entitled to judgment on the pleadings on the grounds that the University of California has a legitimate state interest in stemming the spread of COVID-19 and that UC's Vaccine Policy is rationally related to furthering that interest. *See Kheriaty v. Regents of the University of California*, No. SACV 21-1367 JVS (KESx) (C.D. Cal. Dec. 8, 2021) (ruling that plaintiff's equal protection and substantive due process claims fail as a matter of law). The Plaintiff in *Kheriaty* likewise sought to enjoin the University from enforcing the Vaccine Policy against him based on his allegation that, as a result of his prior infection from SARS-CoV-2, he has superior immunity to COVID-19. *Id*. at *1. The order in *Kheriaty* was issued two days after Defendants filed its motion to dismiss in this case. As the order is not yet available on Westlaw, Defendants provide the order as Exhibit A to this opposition for the Court's convenience.

In urging the Court to apply strict scrutiny review, Plaintiffs can only cite to inapposite cases that address the *denial* of religious exception requests to vaccination requirements. In *Dahl v. Bd. of Trustees of W. Michigan Univ.*, cited on page 17 of the Opposition, defendant school denied *all* religious exemption requests made by members of the university's soccer team, in a manner that suggested that the school did not grant religious exemptions to any student athletes. No. 1:21-CV-757, 2021 WL 3891620, at *2-3 (W.D. Mich. Aug. 31, 2021). The *Dahl* court actually agreed with defendant school, stating that the vaccination requirement, similar to the one here, "which includes an exemption for religious beliefs, would be subject to rational review." *Dahl* at *2. Similarly, in *Magliulo v. Edward Via Coll. of Osteopathic Med.*, a school's communications about a COVID-19 vaccine policy "[did] not recognize either religious or medical exemptions" and although plaintiffs were granted an exemption, defendant school "did not follow its own policies, but added . . . additional restrictions," contrary to Louisiana law. No. 3:21-

CV-2304, 2021 WL 3679227, at *1 (W.D. La. Aug. 17, 2021). Finally, in *Michalski, Madison v. St. John Fisher College*, the court temporarily restrained the defendant school from unenrolling two student plaintiffs who alleged that they were denied a religious exemption "without explanation." No. 0008063/2021 (NY Sup. Ct., Onondaga Cty. 2021), Complaint, NYSCEF Doc. No. 1, at ¶¶ 47-48.³ In contrast to all these cases, Plaintiffs challenge a policy that does have a religious objection exception and they do not allege that they were denied (or requested, as the case may be) any such exception.

Equally inapposite is Plaintiffs' reliance on *BST Holdings, LLC v. Occupational Safety & Health Admin., U.S. Dep't of Labor*, 17 F.4th 604 (5th Cir. 2021). *BST Holdings* addresses the bounds of OSHA's authority in issuing vaccination requirements and specifically excludes any individual constitutional analysis. *BST Holdings*, 17 F.4th at 611-12. Furthermore, the Sixth Circuit has since vacated the stay of OSHA's COVID-19 Emergency Temporary Standard issued in *BST Holdings*. *See In re: MCP No. 165, Occupational Safety & Health Admin., Interim Final Rule: COVID-19 Vaccination & Testing; Emergency Temp. Standard 86 Fed. Reg. 61402. Mass. Bldg. Trades Council v. U.S. Dep't of Labor, Occupational Safety & Health Admin.*, No. 21-4027, 2021 WL 5989357, at *19 (6th Cir. Dec. 17, 2021).

Plaintiffs argue in passing that the Court may not consider papers outside of the complaint without converting the motion to dismiss into a motion for summary judgment, which appears to be an oblique response to documents that Defendants submitted with their request for judicial notice. But, Plaintiffs do not actually oppose Defendants' request for judicial notice.

In sum, Plaintiffs do not contest that under a rational basis review standard,

---

³ Plaintiffs also rely on *Friend v. City of Gainesville* but that case considers a vaccine mandate under rights provided by the Florida State Constitution, which has no bearing on this case. *See* No. 2021-CA-2412, Filing No. 135095002 at 5 (8th Cir. Ct., Alachua County, 2021).

1  Defendants prevail on the Fourteenth Amendment bodily integrity claim.

### G. The Court Should Dismiss the Fourteenth Amendment State-Created Danger Claim Because Plaintiffs' Rhetoric Regarding Vaccinations Does Not State a Plausible Claim.

In support of their state-created danger claim, Plaintiffs fall back on rhetoric rather than law. Plaintiffs do not point to any allegations that could meet the elements of this claim. To state a claim, Plaintiffs must allege "affirmative conduct on the part of the state in placing the plaintiff in danger" where the state "acts with 'deliberate indifference' to a 'known or obvious danger.'" *Patel v. Kent School Dist.*, 648 F.3d 965, 974 (9th Cir. 2011). Simply characterizing vaccination as a "sacrifice" is insufficient to meet any of the required elements and does not state a claim.

### H. Plaintiffs' Argument Regarding Emergency Use Authorization Lacks Coherence and Is Not Tied to Any Alleged Cause of Action.

In their introduction, Plaintiffs provide two flawed bases on which this Court could rule for Plaintiffs. One of these grounds is the argument that "COVID-19 emergency use authorized (EUA) products cannot be mandated" because it is prohibited by federal law. Opp. at 1. This EUA argument, however, is not tied to any alleged cause of action and does not form the basis of any claim alleged in the First Amended Complaint.

Moreover, the premise of Plaintiffs' argument—that all available COVID-19 vaccines are still under EUA—is simply incorrect, as can be ascertained by reviewing judicially noticeable materials. One of the COVID-19 vaccines, the Pfizer vaccine, has been fully approved by the FDA since before Plaintiffs filed their amended complaint. *See* Request for Judicial Notice, Ex. 5 at 67 ("On August 23, 2021, the FDA approved the first COVID-19 vaccine. The vaccine has been known as the Pfizer-BioNTech COVID-19 Vaccine and will now be marketed as Comirnaty"). The Court should disregard this EUA argument because it has no relation to the counts alleged and lacks coherency.

## III. CONCLUSION

For the reasons stated in UC Defendants' opening brief and herein, Defendants respectfully requests that the Court grant this motion to dismiss with prejudice.

DATED: December 20, 2021          CROWELL & MORING LLP

By /s/ *Emily T. Kuwahara*
Emily T. Kuwahara
Kristin J. Madigan
Suzanne E. Rode
Uri Niv

Attorneys for Defendants
KIM A. WILCOX, HOWARD GILLMAN, CYNTHIA LARIVE, GENE BLOCK, AND MICHAEL V. DRAKE