Christina Gilbertson (California Bar No. 236877)
christina@jfnvlaw.com
Jennings & Fulton, LTD
2580 Sorrel Street
Las Vegas, NV 89146
Phone: 702-979-3565

Gregory J. Glaser (California Bar No. 226706)
greg@gregglaser.com
Greg Glaser, Attorney at Law
4399 Buckboard Drive #423
Copperopolis, CA 95228
Phone: 925-642-6651

Joseph S. Gilbert (Nevada Bar No. 9033)
joey@joeygilbertlaw.com
Joey Gilbert & Associates
405 Marsh Avenue
Reno, NV 89509
Phone: 775-284-7700
*Admitted pro hac vice*

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| AMERICA'S FRONTLINE DOCTORS, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> KIM A. WILCOX, in his official capacity as CHANCELLOR OF THE UNIVERSITY OF CALIFORNIA RIVERSIDE, *et al.*, <br><br> *Defendants*. | Case Number: 5:21-cv-01243 <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR RELIEF FROM MISTAKE OR EXCUSABLE NEGLECT IN LATE FILING OF OPPOSITION TO MOTION TO DISMISS; DECLARATION IN SUPPORT** <br><br> **Date:** January 3, 2022 <br> **Time:** 1:30 PM <br> **Location:** Riverside Courtroom 1 <br> **Judge:** Honorable Jesus G. Bernal |

Pursuant to Fed. R. Civ. P. 60(b), Plaintiffs hereby move for relief from mistake or excusable neglect in Plaintiffs' late filing of their Opposition (Document #47 and #49) to the Motion to Dismiss. This motion is made on the basis of this document, together with the attached declaration of counsel in support.

**Grounds for Motion**

By mistake, Plaintiffs' counsel inadvertently calendared a 14-day time period for the Opposition, rather than the Court's local rule of 10-days. The mistake appears to have come from counsel's observation of the *Eastern* District of California 14-day rule, rather than correct *Central* District's 10-day rule.

Plaintiffs submit that the mistake should be excused by this Court, and Defendants are not prejudiced by the mistake, for the following reasons:

1. Plaintiffs' memorandum of points and authorities was filed only 1-day late. The supporting declaration of counsel (attaching documents received *from Defendants*) was filed 4-days late (the next business day) due to a pdf technical error that prevented uploading to Pacer the same day as the points and authorities. Indeed, it is evidence of undersigned counsels' good faith that the points and authorities was filed 3-days *early* based on the inadvertently calendared 14-day date. So there was no gamesmanship here and counsel have continually demonstrated professional cooperation in stipulations and meet and confer.
2. Plaintiffs already extended Defendants over 1-month of extra time for Defendants to bring their motion. The parties cooperated in this regard to add convenience to the Court and all concerned (to consolidate all parties into one motion/hearing).
3. The parties completed extensive written meet and confer on the motion to dismiss in the months prior to Defendants' filing, so Defendants have not experienced surprise. Indeed, the parties already litigated a previous

motion to dismiss and a Request for Temporary Restraining Order, so Defendants are intimately familiar with the relevant issues and not prejudiced by a 1-day late filing of the points and authorities, nor a 4-day late filing of a declaration containing Defendants' own documents. Defendants also have multiple lawyers on this case from a sizeable law firm, so Defendants' counsel has had adequate time to professionally prepare their Reply. Indeed, the substance and tone of the Defendants' Motion and Reply show that Defendants are fully satisfied with their Reply filing and do not perceive their filing to be deficient in any manner. Nor would Defendants need more time to review documents that came *from Defendants*.

4. Plaintiffs brought this motion immediately (the next day) upon learning of the calendaring mistake via Defendants' timely Reply brief.

This Court is empowered to receive Plaintiffs' late filed opposition, and the 9th Circuit is even considered the most lenient of circuits in this regard. 12 Moore's Federal Practice - Civil § 60.41 (2021); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261-62 (9th Cir. 2010) (granting relief from "calendaring mistake" in opposition filed 3-days late).

The *applicable* four factors are: (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004)

Here, Plaintiffs satisfy the applicable factors for relief based on the above stated grounds for the motion. On the third factor ('reasonable control of the movant'), "carelessness of [] counsel" is an acceptable grounds for relief. *Id*. Respectfully submitted this December 21, 2021

*/s/ Christina Gilbertson*
Christina Gilbertson (California Bar No. 236877)
christina@jfnvlaw.com
Jennings & Fulton, LTD
2580 Sorrel St.
Las Vegas, NV 89146
Phone: 702-979-3565

Gregory J. Glaser (California Bar No. 226706)
greg@gregglaser.com
Greg Glaser, Attorney at Law
4399 Buckboard Drive #423
Copperopolis, CA 95228
Phone: 925-642-6651

Joseph S. Gilbert (Nevada Bar No. 9033)
joey@joeygilbertlaw.com
Joey Gilbert & Associates
405 Marsh Avenue
Reno, NV 89509
Phone: 775-284-7700
*Admitted pro hac vice*

Attorneys for Plaintiffs

**PLAINTIFF COUNSEL DECLARATION IN SUPPORT**

1. I am a lawyer for plaintiffs in this action. I am licensed and admitted to practice law before this United States District Court for the Central District of California. I have personal knowledge of all facts set forth herein and could and would testify competently to their accuracy if called as a witness.

2. Among the Plaintiff's lawyers, I took primary responsibility for calendaring and initially drafting the opposition to the motion to dismiss. I inadvertently calendared 14-days to respond to the Motion to Dismiss rather than the Court's local rule of 10-days. The mistake appears to have come from my observation of the *Eastern* District of California 14-day rule, rather than correct *Central* District's 10-day rule.

3. With my colleagues (attorneys Gilbertson and Gilbert), we had the Opposition complete on December 17, which we thought was 3-days early, and so we filed the same day. My supporting declaration (attaching documents received *from Defendants*) was filed the next business day due to a pdf technical error (apparently from transfer between a PC and Mac computer) that prevented uploading to Pacer the same day as the points and authorities. There was no gamesmanship here and all counsel in this case have continually demonstrated professional cooperation in stipulations and meet and confer to date. Indeed, Plaintiffs already extended Defendants over 1-month of extra time for Defendants to bring their motion. We completed extensive written meet and confer on the motion to dismiss in the months prior to Defendants' filing, so Defendants have not experienced surprise. Indeed, the parties already litigated a previous motion to dismiss and a Request for Temporary Restraining Order, so Defendants are intimately familiar with the relevant issues and not prejudiced by a 1-day late filing of the points and authorities. Defendants also have multiple lawyers on this case from a sizeable law firm, so Defendants' counsel has had adequate time to professionally prepare their Reply. Indeed, the substance and

tone of the Defendants' Motion and Reply show that Defendants are fully satisfied with their Reply filing and do not perceive their filing to be deficient in any manner. Nor would Defendants need more time to review documents that came *from Defendants*.

**4.** We are bringing this motion for relief immediately (the next day) upon our learning of the calendaring mistake via Defendants' timely Reply brief. My colleagues concur in this declaration.

I declare under threat of penalty of perjury that the foregoing is true and correct. Executed this 21st day of December, 2021, in Copperopolis, California.

*/s/ Gregory J. Glaser*_____
Gregory J. Glaser
Lawyer for Plaintiffs