UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 21-1243 JGB (KKx)** | Date | January 7, 2022 |
|---|---|---|---|
| Title | *America's Frontline Doctors, et al. v. Kim A. Wilcox, et al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) DENYING the Joint Motion to Proceed Anonymously; (2) DENYING Defendants' Motion to Dismiss as Moot; (3) DENYING Defendants' Application to File Under Seal as Moot; and (4) VACATING the January 10, 2022 Hearing (IN CHAMBERS)

　　　Before the Court is a Joint Motion to Proceed Anonymously. ("Joint Motion," Dkt. No. 32.) Also before the Court are Defendants' Motion to Dismiss and Application to File Under Seal. The Court finds these Motions appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the briefing filed in support of Joint Motion, the Court DENIES the Joint Motion, DENIES Defendants' MTD and Application as MOOT, and VACATES the January 10, 2022 hearing.

## I. BACKGROUND

　　　On July 26, 2021, Plaintiffs America's Frontline Doctors ("AFD"), Carly Powell, and Deborah Choi filed a complaint and temporary restraining order against Defendants Kim A. Wilcox, Chancellor of the University of California Riverside ("Wilcox" or "UC Riverside Chancellor"); Howard Gillman, Chancellor of the University of California Irvine ("Gillman" or "UC Irvine Chancellor"); The Regents of the University of California ("Regents"); and Michael V. Drake, President of the University of California. ("Complaint," Dkt. No. 1.)

　　　The Court denied the application for temporary restraining order on July 30, 2021. ("TRO Order," Dkt. No. 18.) On August 3, 2021, Plaintiffs applied for a Writ of Mandamus to the Ninth Circuit, which denied the application on August 11, 2021. Application Denial, In re

America's Frontline Doctors, No. 21-71209 (9th Cir. Aug. 11, 2021).  Plaintiffs next filed a Petition for a Writ of Mandamus in the United States Supreme Court, which denied the petition on November 2, 2021.  In re America's Frontline Doctors, No. 21-295, 2021 WL 5043752 (U.S. Nov. 1, 2021).

On October 14, 2021, Plaintiffs amended as of right and filed a First Amended Complaint.  ("FAC," Dkt. No. 30.)  The FAC uses the initials L.O. and A.B. to identify two of the Plaintiffs.  The FAC alleges five causes of action arising from the University of California's COVID-19 Vaccination Program: (1) declaratory relief for violation of Fourteenth Amendment right to bodily integrity; (2) injunctive relief for violation of Fourteenth Amendment right to bodily integrity; (3) injunctive relief for violation of Fourteenth Amendment right to freedom from state created danger; (4) injunctive relief for violation of Fourth Amendment right to privacy; and (5) injunctive relief for violation of First Amendment right to freedom of religion.  (See FAC.)  Plaintiffs dismissed Defendant Regents from the litigation.  ("Regent Dismissal," Dkt. No. 38.)

Defendants moved to dismiss on December 6, 2021 and filed an application to file under seal.  ("MTD," Dkt. No. 41; "Application," Dkt. No. 41.)  On December 8, 2021, the parties filed a Joint Motion for Plaintiffs L.O. and A.B. to Proceed Via Pseudonym Through Pre-Trial Proceedings.  (Joint Motion.)

Plaintiffs opposed the MTD on December 17, 2021.  ("Opp.," Dkt. No. 47.)  Defendants replied on December 20, 2021.  ("Reply," Dkt. No. 48.)

## II.   FACTS

The allegations about the policy at issue are described in the TRO Order.  (Dkt. No. 18.)  Relevant to this Joint Motion are the new Plaintiffs, who allege the following:

Plaintiff L.O. ("L.O.") is enrolled as a graduate student at University of California, Los Angeles ("UCLA").  (FAC ¶ 12.)  She lives in Los Angeles during the school year.  (Id.)  She has recovered from a recent COVID-19 infection.  (Id.)  UCLA's implementation of the University of California's ("UC") COVID-19 vaccine mandate has caused duress to L.O. and impaired her ability to exercise informed consent/refusal of the COVID-19 vaccine.  (Id.)

Plaintiff A.B. ("A.B.") is enrolled as an undergraduate student at University of California, Santa Cruz ("UCSC").  (FAC ¶ 13.)  She lives in Solano County.  (Id.)  She has been exposed to COVID-19 and believes that she may be immune.  (Id.)  She does not know if she has natural immunity but rejects vaccination.  (Id.)  UCSC's implementation of the UC's COVID-19 vaccine mandate has caused duress to A.B. and impaired her ability to exercise informed consent/refusal of the COVID-19 vaccine.  (Id.)

### III. DISCUSSION

Rule 10 of the Federal Rules of Civil Procedure provides that the title of the action in the complaint "shall include the names of all the parties…" and Rule 17 requires that all civil actions be prosecuted in the name of the real party in interest. See Fed. R. Civ. P. 10(a), 17(a).

The parties stipulated to Plaintiffs L.O. and A.B.'s participation in this litigation under pseudonyms in the pleadings stage. (Joint Motion.) Plaintiffs disclosed their real names to Defendants. (Id.) Both parties, however, are mistaken that such a stipulation is sufficient to proceed anonymously—the Court determines whether a party can proceed anonymously. Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1068 (9th Cir. 2000) (The determination of whether anonymity is necessary is "a district court's discretionary decision.").

"The normal presumption in litigation is that parties must use their real names." Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate, 596 F.3d 1036, 1042 (9th Cir. 2010). Federal courts serve the American public, which has a legitimate interest in open proceedings. See Doe v. Rostker, 89 F.R.D. 158, 160 (N.D. Cal. 1981) (Rule 10(a) protects the "public's legitimate interest in knowing all the facts and events surrounding court proceedings.") Public access is a distinctive constitutional principle. "As a general rule, the identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity." United States v. Stoterau, 524 F.3d 988, 1012 (9th Cir. 2008) (internal quotations and citations omitted).

Use of a pseudonym is a prophylactic measure warranted only in exceptional circumstances. The Ninth Circuit "allow[s] parties to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary…to protect a person from harassment, injury, ridicule, or personal embarrassment.'" Advanced Textile Corp., 214 F.3d at 1067-68 (9th Cir. 2000) (quoting United States v. Doe, 655 F.2d 920, 922 n. 1 (9th Cir. 1981)). Courts balance "the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." Id. at 1068. Courts have recognized three situations allowing a plaintiff to proceed anonymously: (1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution. Id. (internal quotations and citations omitted).

A. **Privacy Interest**

Plaintiffs assert that L.O. and A.B. are "entitled" to proceed anonymously because "publicizing the names of these young students would not benefit the parties." (Joint Motion at 1.) Plaintiffs' paragraph-long argument concludes with "L.O. and A.B. would benefit from avoiding any unnecessary feelings of intimidation or repercussion at this sensitive time and campus climate." (Id.) Plaintiffs do not elaborate on the "feelings of intimidation" or

"repercussion," and do not allege any fear of retaliatory physical or mental harm. There is no risk of criminal prosecution in this matter; only the first two factors bear evaluation.

Plaintiffs do not plausibly allege harm or any future harassment. The allegations are vague, conclusory, and do not hint at potential repercussions, retaliation, or intimidation. Plaintiffs allege only the desire to avoid perceived intimidation or repercussion. Whether the on-campus community would disagree with their stance is not a "risk of retaliatory physical or mental harm." Community disagreement which results in "embarrassment…is not enough" to support the use of pseudonyms. Doe v. Rostker, 89 F.R.D. at 161-62; see also Doe v. NFL Enterprises, LLC, 2017 WL 697420, *2 (N.D. Cal. Feb. 22, 2017) (collecting cases denying plaintiffs' motion to proceed anonymously").

Given the length of time since Plaintiffs filed the Complaint and the L.O. and A.B.'s vague allegations, threat of future harm or harassment is implausible. On July 26, 2021, Plaintiffs filed their first Complaint sans pseudonyms. (Complaint, Dkt. No. 1.) Plaintiffs Carly Powell and Deborah Choi, named in the Complaint, are both current UC students, at University of California, Riverside ("UCR") and University of California, Irvine ("UCI"), respectively. (See FAC.) Plaintiffs L.O. and A.B. do not allege that the "campus climate" at UCLA or UCSC is dissimilar to that of UCR or UCI. (See Joint Motion.) Moreover, there is no indication Powell and Choi have been subjected to any threat of harm or harassment in nearly half a year. Their allegations are almost identical to those of L.O. and A.B. (See id.) Plaintiffs thus fail to allege "actual threat of any harm against [them] **specifically**." NFL Enterprises, 2017 WL 697420, at *2 (emphasis in original). Potential unwanted emotional reaction, as a consequence of being a party in the litigation, is not enough to justify anonymity.

Plaintiffs also do not allege that anonymity is required to preserve privacy because the matter involves content of a sensitive and personal nature. Such an argument would be difficult to make, as Choi and Powell did not move to proceed anonymously on that basis. Even so, had L.O. and A.B. alleged different circumstances that warranted anonymity on that basis, the Court would entertain the argument. However, L.O. and A.B. have not alleged specific circumstances to suggest otherwise.

### B. Public Interest

A court "must decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." Advanced Textile, 214 F.3d at 1068. A plaintiff's "use of fictitious names runs afoul of the public's common law right of access to judicial proceedings." Id. at 1067. The United States Supreme Court has underscored this principle: "A trial is a public event. What transpires in the court room is public property." Cox Broad. Corp. v. Cohn, 420 U.S. 469, 492 (1975).

Plaintiffs do not offer an argument on the public interest factor. The Court finds that the primary harms alleged—a "lack of benefit" and an effort to "avoid unwanted feelings of intimidation"—fail to meet the Ninth Circuit's high bar to pleading anonymously. Less

extraordinary measures are available to protect privacy where warranted, which have already been exercised in this case without issue (for example, by Application to File Under Seal).

The Court DENIES the Joint Motion and DISMISSES the FAC as defective under Federal Rule of Civil Procedure 10(a) WITH LEAVE TO AMEND.  See Fed. R. Civ. P. 10(a) ("The title of the complaint must name all parties…."); Kamehameha, 596 F.3d at 1042, 1046 (affirming similar dismissal under Rule 10(a) with prejudice).

## IV.   CONCLUSION

For the reasons above, the Court DENIES the Joint Motion WITH LEAVE TO AMEND, DENIES Defendants' MTD and Application as MOOT, and VACATES the January 10, 2022 hearing.  Plaintiffs may file an amended complaint no later than January 11, 2022.

**IT IS SO ORDERED.**