EMILY T. KUWAHARA (SBN 252411)
  ekuwahara@crowell.com
URI NIV (SBN 307487)
  univ@crowell.com
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, CA 90071
Telephone: 213.622.4750
Facsimile: 213.622.2690

KRISTIN J. MADIGAN (SBN 233436)
  kmadigan@crowell.com
SUZANNE E. RODE (SBN 253830)
  srode@crowell.com
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Telephone: 415.986.2800
Facsimile: 415.986.2827

[Additional Counsel Listed on Next Page]

Attorneys for Defendants
KIM A. WILCOX, HOWARD GILLMAN,
CAROL CHRIST, GENE BLOCK, THE
REGENTS OF THE UNIVERSITY OF
CALIFORNIA AND MICHAEL V. DRAKE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| AMERICA'S FRONTLINE DOCTORS, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>KIM A. WILCOX, in his official capacity as CHANCELLOR OF THE UNIVERSITY OF CALIFORNIA RIVERSIDE, et al.,<br><br>    Defendants. | Case No. 5:21-cv-01243-JGB-KK<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS SECOND AMENDED COMPLAINT UNDER FED. R. CIV. PROC. 12(B)(1) AND 12(B)(6) AND REQUEST FOR JUDICIAL NOTICE**<br><br>Date:   March 7, 2022<br>Time:   **9:00 a.m.**<br>Ctrm.:  Riverside, Courtroom 1<br>Judge:  Hon. Jesus G. Bernal<br><br>Date Action Filed:   July 26, 2021 |

CHARLES F. ROBINSON (SBN 113197)
   charles.robinson@ucop.edu
NORMAN J. HAMILL (SBN 154272)
   norman.hamill@ucop.edu
KATHARINE ESSICK (SBN 219426)
   katharine.essick@ucop.edu
UNIVERSITY OF CALIFORNIA
Office of General Counsel
1111 Franklin Street, 8th Floor
Oakland, CA  94607
Telephone: 510.987.9800
Facsimile: 510.987.9757

Attorneys for Defendants
KIM A. WILCOX, HOWARD GILLMAN,
CAROL CHRIST, GENE BLOCK,
THE REGENTS OF THE UNIVERSITY OF
CALIFORNIA AND MICHAEL V. DRAKE

CROWELL
& MORING LLP
ATTORNEYS AT LAW

DEFENDANTS' REPLY ISO MOT. TO DISMISS SAC
AND REQUEST FOR JUDICIAL NOTICE;
CASE NO. 5:21-CV-01243-JGB-KK

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................... 1
II. ARGUMENT .................................................................................................. 3
    A. The Court May Decline to Consider Plaintiffs' Untimely Opposition Brief. ............................................................................... 3
    B. Plaintiffs' Opposition Primarily and Improperly Relies Upon Materials that Are Not Subject to Judicial Notice. ............................. 4
    C. The Court Should Grant Defendants' Request for Judicial Notice. ................................................................................................. 5
    D. The Court Should Dismiss the Fourteenth Amendment Substantive Due Process and Equal Protection Claims Because, As Plaintiffs Acknowledge, Under Rational Basis Review, These Claims Fail. .......................................................................... 6
    E. This Court Should Dismiss the First Amendment Claim Because Plaintiffs Have Not and Cannot Allege a Violation of Free Exercise of Religion. ................................................................... 8
    F. This Court Should Dismiss the Fourth Amendment Claims Because Plaintiffs Have No General Privacy Claim and Have Not Alleged an Unreasonable Search or Seizure. ................................ 8
    G. The Court Should Dismiss the Fourteenth Amendment State-Created Danger Claim Because Plaintiffs' Rhetoric Regarding Vaccinations Does Not State a Legal Claim. ..................................... 11
    H. Plaintiffs' Argument Regarding Emergency Use Authorization Lacks Coherence and Is Not Tied to Any Alleged Cause of Action. ............................................................................................. 11
    I. Certain Defendants Should Be Dismissed if This Court Dismisses the SAC Claims in Part. ..................................................... 11
III. CONCLUSION ............................................................................................ 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. Fed'n of State, Cty. & Mun. Emps. Council 79 v. Scott*,
  717 F.3d 851 (11th Cir. 2013) .................................................................................9

*Anderson v. City of Taylor*,
  No. 04-74345, 2005 WL 1984438 (E.D. Mich. Aug. 11, 2005) ..........................9

*Austin v. The Bd. of Educ. of Community Unit School Dist. #300*,
  No. 2021-CH-500002 (Ill.Cir.Ct. Feb. 04, 2022) ............................................... 10

*Bostic v. McClendon*,
  650 F. Supp. 245 (N.D. Ga. 1986) ........................................................................9

*BST Holdings, LLC v. Occupational Safety & Health Admin., U.S. Dep't of Labor*,
  17 F.4th 604 (5th Cir. 2021) ..................................................................................7

*Bumper v. North Carolina*,
  391 U.S. 543 (1968) ............................................................................................ 10

*Burcham v. City of L.A.*,
  No. 2:21-CV-07296-RGK-JPR, 2022 WL 99863 (C.D. Cal. Jan. 7, 2022) .......................................................................................................................6

*Coley v. Eskaton*,
  51 Cal. App. 5th 943 (2020) ..................................................................................7

*Doe #1-#14 v. Austin*,
  No. 3:21-CV-1211-AW-HTC, 2021 WL 5816632 (N.D. Fla. Nov. 12, 2021) ...................................................................................................................8

*Dubbs v. Head Start, Inc.*,
  336 F.3d 1194 (10th Cir. 2003) ............................................................................9

*Ghazali v. Moran*,
  46 F.3d 52 (9th Cir. 1995) .....................................................................................3

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-ii-

DEFENDANTS' REPLY ISO MOT. TO DISMISS SAC
AND REQUEST FOR JUDICIAL NOTICE;
CASE NO. 5:21-CV-01243-JGB-KK

*Harris v. McRae*,
   448 U.S. 297 (1980) ............................................................................................. 12

*Harris v. Univ. of Mass., Lowell*,
   No. 21-CV-11244, 2021 WL 3848012 (D.Mass. Aug. 27, 2021) ........................ 6

*Johnson v. U.S.*,
   333 U.S. 10 (1948) ............................................................................................. 10

*Kheriaty v. Regents of the University of California*,
   No. SACV 21-1367 JVS (KESx), 2021 (C.D. Cal. Dec. 8, 2021) ................ 6, 10

*Khoja v. Orexigen Therapeutics, Inc.*,
   899 F.3d 988, (9th Cir. 2018) .............................................................................. 5

*Klaassen v. Trustees of Ind. Univ.*,
   __ F. Supp. 3d __, No. 1:21-CV-238, 2021 WL 3073926 (N.D. Ind. 2021) ................................................................................................................... 6

*Klaassen v. Trustees of Indiana*,
   24 F.4th 638 (7th Cir. 2022) .............................................................................. 12

*Mendoza v. Cty. Of San Bernardino*,
   No. EDCV 19-1056-JGB, 2021 WL 4459659 (C.D. Cal. Aug. 27, 2021) ................................................................................................................... 3

*Messina v. Coll. Of New Jersey*,
   No. CV2117576ZNQDEA, 2021 WL 4786114 (D.N.J. Oct. 14, 2021) ................................................................................................................... 6

*Mission Fitness Ctr., LLC v. Newsom*,
   No. 2:20-CV-09824-CAS (KSx), 2021 WL 1856552 (C.D. Cal. May 10, 2021) ....................................................................................................... 4

*Nat'l Fed'n of Indep. Bus. V. Dep't of Lab., Occupational Safety & Health Admin.*,
   __ U.S. ___, 142 S. Ct. 661 (2022) .................................................................... 8

*Patel v. Kent School Dist.*,
   648 F.3d 965 (9th Cir. 2011) ............................................................................ 11

*Powers v. Dickson, Carlson & Campillo*,
   54 Cal. App. 4th 1102 (1997), *as modified* (May 23, 1997) ............................... 7

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-iii-

DEFENDANTS' REPLY ISO MOT. TO DISMISS SAC
AND REQUEST FOR JUDICIAL NOTICE;
CASE NO. 5:21-CV-01243-JGB-KK

*Salomaa v. Honda Long Term Disability Plan*,
 642 F.3d 666 (9th Cir. 2011) ................................................................................... 7

*Schneckloth v. Bustamonte*,
 412 U.S. 218 (1973) ............................................................................................. 10

*Thermolife Int'l LLC v. BPI Sports LLC*,
 No. CV-18-04663-PHX-SPL, 2019 WL 6135140 (D. Ariz. Nov.
 19, 2019) ................................................................................................................ 5

*Tomick v. United Parcel Serv., Inc.*,
 511 F. Supp. 2d 235 (D. Conn. 2007) .................................................................... 9

*United States v. Seminerio*,
 680 F. Supp. 2d 523 (S.D.N.Y. 2010) .................................................................... 7

*Valdez v. Grisham*,
 __ F. Supp. 3d __, No. 21-CV-783 MV/JHR, 2021 WL 4145746
 (D.N.M. Sept. 13, 2021) ......................................................................................... 6

**Other Authorities**

C.D. Cal. R. 6-1 ........................................................................................................... 4

C.D. Cal. R. 7-9 .................................................................................................. 1, 3, 4

C.D. Cal. R. 7-12 ..................................................................................................... 1, 3

Fed. R. of Evid. 201 .................................................................................................... 4

-iv-

DEFENDANTS' REPLY ISO MOT. TO DISMISS SAC
AND REQUEST FOR JUDICIAL NOTICE;
CASE NO. 5:21-CV-01243-JGB-KK

CROWELL
& MORING LLP
ATTORNEYS AT LAW

## I. INTRODUCTION

Plaintiffs, in their late-filed opposition, fail to provide any legal basis to deny Defendants' motion to dismiss. Plaintiffs' opposition is largely based on rhetoric, and not on the allegations made in the Second Amended Complaint nor any legal framework. UC's Vaccine Policy, including the requirement that individuals who have previously had COVID-19 must be fully vaccinated before physically accessing UC's locations (with limited deferrals and exceptions, including a temporary medical exemption of up to 90 days after a diagnosis of COVID-19), furthers UC's legitimate interest in protecting the health and safety of its community. Plaintiffs make much of changing conditions. This case was first filed before two SARS-CoV-2 variants of concern, Delta and Omicron, surged through the population, upending the last several months. Critically, however, the legal analysis that this Court must undertake remains the same as when this Court denied the application for a temporary restraining order. The salient question remains—is UC's Vaccine Policy rational? The answer is yes.

Defendants' motion to dismiss should be granted and the Plaintiffs' claims dismissed in their entirety with prejudice, for the following reasons.

*First*, this Court may decline to consider Plaintiffs' late opposition brief due to their failure to comply with Local Rules 7-9 and 7-12. The Court may construe the late opposition as consent to the granting of the motion.

*Second*, Plaintiffs' Opposition primarily and improperly relies upon extraneous materials. Plaintiffs do not request judicial notice of these materials and provide no other basis for their consideration. Therefore, the Court should disregard these extraneous materials and the arguments citing them.

*Third*, Plaintiffs concede the authenticity and existence of the Vaccine Policy and guidance documents that Defendants submitted for judicial notice, and the Court should grant the request.

-1-

CROWELL
& MORING LLP
ATTORNEYS AT LAW

DEFENDANTS' REPLY ISO MOT. TO DISMISS SAC
AND REQUEST FOR JUDICIAL NOTICE;
CASE NO. 5:21-CV-01243-JGB-KK

*Fourth*, Plaintiffs' Fourteenth Amendment claims, brought under theories of substantive due process and equal protection, fail because the UC Vaccine Policy satisfies rational basis review. Plaintiffs fail to identify a fundamental right or suspect class triggering heightened review. Plaintiffs do not contest that if rational basis review applies, Defendants prevail.

*Fifth*, this Court should dismiss the First Amendment free exercise of religion claim because Plaintiffs' opposition makes clear that they are not alleging a burden on their exercise of religion. Plaintiffs admit that their claim does not address religion but challenges the justification for the Vaccine Policy in the first instance.

*Sixth*, Plaintiffs' Fourth Amendment privacy claim fails because there is no "privacy" claim under the Fourth Amendment of the type brought by Plaintiff. To the extent UC's testing protocols could be considered a "search," Plaintiffs make no effort to rebut case law cited by Defendants demonstrating that the "special needs" exception to the Fourth Amendment's prohibition on warrantless searches applies to regular testing for COVID-19.

*Seventh*, Plaintiffs' rhetoric against vaccination does not allege a state-created danger claim. Plaintiffs can point to no allegations that would support that Defendants have engaged in "affirmative conduct on the part of the state in placing the plaintiff in danger" where the state "acts with 'deliberate indifference' to a 'known or obvious danger.'"

*Eighth*, Plaintiffs' argument that this Court can deny this motion on the ground that COVID-19 emergency use authorized (EUA) products cannot be mandated lacks coherence and is not tied to any cause of action. This Court may disregard the EUA argument, as it has no relation to the counts alleged.

*Finally*, should this Court grant this motion in part, this Court should dismiss certain Defendants and Plaintiffs for lack of standing. In opposition, Plaintiffs do not even attempt to conduct the appropriate analysis for each individual student

Plaintiff. Plaintiffs also fail to point to any allegations to support Plaintiff America's Frontline Doctors' direct or associational standing.

Because Plaintiffs cannot cure the fatal deficiencies in their Second Amended Complaint with further amendments—indeed, Plaintiffs identify none—Defendants respectfully request that this Court grant their motion to dismiss with prejudice.

## II.     ARGUMENT

### A.     The Court May Decline to Consider Plaintiffs' Untimely Opposition Brief.

Plaintiffs missed the deadline to file their opposition briefing for the second time in this case. This latest failure to serve and file an opposition by the required deadline "may be deemed consent to the granting or denial of the motion." C.D. Cal. R. 7-12 (Failure to File Required Documents). This Court may "decline to consider any memorandum or other document not filed within the deadline set by order or local rule." *Id*. Where a party fails to comply with local rules governing resolution of a motion to dismiss, the failure to timely oppose a motion to dismiss, in and of itself, can operate as consent to granting the motion. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming grant of an unopposed motion to dismiss under local rule that deemed a litigant's failure to oppose as consent to granting the motion); *Mendoza v. Cty. Of San Bernardino*, No. EDCV 19-1056-JGB (SHKx), 2021 WL 4459659, at *2 (C.D. Cal. Aug. 27, 2021) (dismissing action for non-compliance with Local Rule 7-12 where Plaintiff did not oppose motion to dismiss or request extension of time to file an opposition).

This time, Plaintiffs' opposition brief was due on February 14. C.D. Cal. R. 7-9 (Opposing Papers). Plaintiffs filed their opposition one day late and only after Defendants filed a notice of non-opposition. ECF Nos. 59-60. This left Defendants with only three days to respond due to the federal holiday on Monday, prejudicing Defendants' ability to prepare a reply.

Moreover, Plaintiffs' counsel's excuse for missing the deadline a second time

fails to state good cause. Counsel states that this is his first time litigating in the Central District. ECF No. 61, Plaintiff Counsel Declaration in Support of Motion for Relief from Mistake or Excusable Neglect, ¶ 2. But this is his *third* time responding to a Motion to Dismiss in this case and *second* motion seeking relief from the same mistake in response to the same type of motion. After Plaintiffs missed the deadline to file opposition briefing in response to Defendants' prior (second) Motion to Dismiss, Defendants explicitly cited Rule 7-9 in their reply. Defendants' Reply in Support of their Motion to Dismiss First Amended Complaint Under Fed. R. Civ. Proc. 12(b)(1) and 12(b)(6), ECF No. 48 at 3. Plaintiffs' counsel thus should have been well aware of their deadlines.

Even Plaintiffs' Notice of Motion and Motion for Relief From Mistake or Excusable Neglect (ECF No. 61) continues the pattern of failing to adhere to the local rules. The motion for relief is noticed for a period of less than the 28-days required. C.D. Cal. R. 6-1 (Notice and Service of Motion). Plaintiffs' motion was filed on February 15 but noticed for hearing on March 7, making Defendants' opposition due on February 14–the day before Plaintiffs' motion for relief was filed. C.D. Cal. R. 7-9. Defendants oppose the granting of relief, as stated herein.

**B.     Plaintiffs' Opposition Primarily and Improperly Relies Upon Materials that Are Not Subject to Judicial Notice.**

Plaintiffs' opposition brief relies upon a cluster of internet links and references to outside material, but these should not be considered because they are extraneous to the Second Amended Complaint. *Mission Fitness Ctr., LLC v. Newsom*, No. 2:20-CV-09824-CAS (KSx), 2021 WL 1856552, at *4 (C.D. Cal. May 10, 2021) ("a court cannot consider material outside of the complaint," but a court may "consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201") (internal citations omitted). Plaintiffs do not provide legal support as to why these materials may be considered in opposition or request judicial notice of them. Accordingly,

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-4-

DEFENDANTS' REPLY ISO MOT. TO DISMISS SAC
AND REQUEST FOR JUDICIAL NOTICE;
CASE NO. 5:21-CV-01243-JGB-KK

the Court should not consider these extraneous materials nor Plaintiffs' arguments citing to them.[1]

### C. The Court Should Grant Defendants' Request for Judicial Notice.

Plaintiffs concede the existence and authenticity of the documents for which UC has requested judicial notice. ECF No. 60-2, at 1. Plaintiffs also do not appear to contest UC's request for judicial notice of its Vaccine Policy, the subject of their legal challenge.

Plaintiffs argue only that judicial notice is "premature" (ECF No. 60-2, at 1), but the cases they cite are inapposite. *Thermolife Int'l LLC v. BPI Sports LLC* is inapplicable because the document in question was "not a public record or other fact of undisputed accuracy," unlike in this case. *See* No. CV-18-04663-PHX-SPL, 2019 WL 6135140, at *3 (D. Ariz. Nov. 19, 2019). In *Khoja v. Orexigen Therapeutics, Inc.*, a securities case, the Ninth Circuit held that the lower court's decision to take judicial notice of certain facts contained within documents was an abuse of discretion. 899 F.3d 988, 1000 (9th Cir. 2018). In analyzing whether an agency report was subject to judicial notice, the court concluded that the district court should not have taken notice of a fact that could not be established from the information in the report. *Id.* at 1000-1001.

Here, where the authenticity and existence of the guidance from CDC and FDA are not in question, this Court should grant the request for judicial notice. Plaintiffs may dispute the substance and conclusions of the FDA or CDC guidance, but that does not make the documents inauthentic–or irrelevant. UC relied upon this guidance in issuing the subject Vaccine Policy. These judicially noticeable documents, which among other things, state that vaccines are safe and effective for individuals who have previously had COVID-19, are relevant to the question whether UC has a rational basis for its Vaccine Policy. They are relevant and

---

[1] Plaintiffs also circumvent this Court's page limits by presenting rebuttals in the Glaser Declaration filed with their opposition to the motion to dismiss. ECF No. 60.

judicially noticeable. *See Burcham v. City of L.A.*, No. 2:21-CV-07296-RGK-JPR, 2022 WL 99863, at *3, 8 (C.D. Cal. Jan. 7, 2022).

    **D.    The Court Should Dismiss the Fourteenth Amendment Substantive Due Process and Equal Protection Claims Because, As Plaintiffs Acknowledge, Under Rational Basis Review, These Claims Fail.**

In opposition, Plaintiffs again fail to identify a fundamental right or a suspect class that would trigger a level of scrutiny higher than rational basis review. There is none. As this Court has already held in denying Plaintiffs' application for a temporary restraining order, rational basis is the appropriate level of review. Order Den. TRO at 5-6, ECF No. 18.

Courts around the country have followed suit and applied rational basis review to vaccine requirements. *See, e.g.*, *Klaassen v. Trustees of Ind. Univ.*, __ F. Supp. 3d __, No. 1:21-CV-238, 2021 WL 3073926 (N.D. Ind. 2021); *Harris v. Univ. of Mass., Lowell*, No. 21-CV-11244, 2021 WL 3848012 (D.Mass. Aug. 27, 2021); *Valdez v. Grisham*, __ F. Supp. 3d __, No. 21-CV-783 MV/JHR, 2021 WL 4145746 (D.N.M. Sept. 13, 2021); *Messina v. Coll. Of New Jersey*, No. CV2117576ZNQDEA, 2021 WL 4786114 at *9 (D.N.J. Oct. 14, 2021). In a case brought on similar grounds against UC President Michael Drake, Judge Selna granted President Drake's motion for judgment on the pleadings on the grounds that the University of California has a legitimate state interest in stemming the spread of COVID-19 and that UC's Vaccine Policy is rationally related to furthering that interest. *See Kheriaty v. Regents of the University of California*, No. SACV 21-1367 JVS (KESx), 2021 WL 6298332 (C.D. Cal. Dec. 8, 2021) (holding plaintiff's equal protection and substantive due process claims fail as a matter of law). The Plaintiff in *Kheriaty* likewise sought to enjoin the University from enforcing the Vaccine Policy against him based on his allegation that, as a result of his prior infection from SARS-CoV-2, he has superior immunity to COVID-19. *Id*. at *1.

In urging the Court to apply strict scrutiny review, Plaintiffs continue to cite

to inapposite cases that address the *denial* of religious exception requests to vaccination requirements. Defendants addressed these cases in their opening brief. Op. Br. at 17-18. In opposition, Plaintiffs simply reiterate the legal arguments included in the Second Amended Complaint (*compare* SAC ¶¶ 101-102 *with* Opp. at 20) and fail to explain how these cases are relevant to the questions presented by this Motion to Dismiss.

Plaintiffs' allegations concerning "financial conflicts" are similarly unavailing and should not distract the Court from the relevant constitutional analysis. Opp. at 3-5. Plaintiffs argue that UC's Policy should not be afforded deference because it "owes fiduciary duties" and has "financial conflicts." *Id*. at 4. This is incorrect, irrelevant, and does not warrant the application of strict scrutiny. Indeed, none of the cases cited by Plaintiff (Opp. at 4 n.6) discuss the application of strict scrutiny to an alleged constitutional violation. *See Salomaa v. Honda Long Term Disability Plan*, 642 F.3d 666 (9th Cir. 2011) (reversing district court's denial of plan participant's ERISA challenge); *Coley v. Eskaton*, 51 Cal. App. 5th 943 (2020) (holding that homeowners association (HOA) directors breached fiduciary duty to HOA members under California law); *United States v. Seminerio*, 680 F. Supp. 2d 523 (S.D.N.Y. 2010) (statute regarding scheme to defraud the public was not unconstitutionally vague as applied to criminal defendant); *Powers v. Dickson, Carlson & Campillo*, 54 Cal. App. 4th 1102 (1997), *as modified* (May 23, 1997) (analyzing enforceability of arbitration provisions under California law).

Equally inapposite is Plaintiffs' reliance on challenges to OSHA's COVID-19 Emergency Temporary Standard. *See* Opp. at 2, 21. *BST Holdings* addresses the bounds of OSHA's authority in issuing vaccination requirements and specifically excludes any individual constitutional analysis. *BST Holdings, LLC v. Occupational Safety & Health Admin., U.S. Dep't of Labor*, 17 F.4th 604 (5th Cir. 2021). The Supreme Court's decision upholding *BST Holdings* similarly addressed OSHA's

1 authority and has no bearing on this case. *Nat'l Fed'n of Indep. Bus. V. Dep't of Lab., Occupational Safety & Health Admin.*, __ U.S. ___, 142 S. Ct. 661 (2022).

Plaintiffs do cite to *Doe #1-#14 v. Austin*, in which the court also applied rational basis scrutiny to Plaintiffs Equal Protection and Substantive Due Process claims. No. 3:21-CV-1211-AW-HTC, 2021 WL 5816632, at *11 (N.D. Fla. Nov. 12, 2021). The same analysis applies here. The Court should dismiss the Fourteenth Amendment claims.

### E. This Court Should Dismiss the First Amendment Claim Because Plaintiffs Have Not and Cannot Allege a Violation of Free Exercise of Religion.

Plaintiffs' alleged claim by its terms is unrelated to any disclosure of a religious belief or the exercise of a religious belief—indeed, the claim is not about religion at all. Plaintiffs merely assert, under the banner of the "First Amendment," that the UC Vaccine Policy is an "unfair segregation policy targeted to their natural genetic status." Opp. at 15. Plaintiffs in their opposition likewise frame the issue as whether there is a "personal or public health justification" for the Vaccine Policy "in the first place." Opp. at 15 (emphasis omitted). But these allegations, and the only arguments Plaintiffs can muster in the face of a Motion to Dismiss, do not state a First Amendment claim. It is clear from the operative allegations and Plaintiffs' own opposition that they are unable to articulate any claim that the Policy burdens their free exercise of religion. The First Amendment claim must be dismissed.

### F. This Court Should Dismiss the Fourth Amendment Claims Because Plaintiffs Have No General Privacy Claim and Have Not Alleged an Unreasonable Search or Seizure.

Plaintiffs do not directly discuss their Fourth Amendment claim in opposition to this Motion, but rather vaguely express discontent with masking or testing requirements. Opp. at 16-19. To the extent these passages are meant to refer to their Fourth Amendment claim, they amount to a hodgepodge of expressions cherry-

picked from the case law of equal protection. Again, it is clear that Plaintiffs have not, and cannot, articulate a viable claim.

In response to Defendants' argument that the Fourth Amendment does not confer a general right to privacy, Plaintiffs are silent. They cite no law supporting the notion that a requirement to wear a mask violates the Fourth Amendment because it could make unvaccinated individuals easier to spot.[2]

Plaintiffs also make the sweeping argument that case law disfavors "public health testing" generally. That is a clear overstatement of the cases they cite in their opposition. *See* Opp. at 18-19. In those out-of-circuit cases, the courts have invalidated dragnet testing policies where the Government is unable to identify a "special need" furthered by the policy at issue.[3] These cases are inapplicable here, where UC has articulated a special need unrelated to law enforcement—a global pandemic—and has enacted a testing policy that effectively and reasonably addresses this concern. Op. Br. at 21-23. Other cases cited by Plaintiffs—concerning whether a warrant is required before law enforcement may search

---

[2] As of the time of filing this reply brief, the relevant campuses (UCLA, UCB, UCI, and UCR) have masking requirements that address *indoor* masking. All students must mask while indoors, regardless of vaccination status. Thus, it remains difficult to understand how the masking requirement could plausibly be a privacy violation directed at unvaccinated students.
- UCI: https://www.uci.edu/coronavirus/executive-directives/executive-directive-face-coverings.pdf
- UCR: https://ehs.ucr.edu/coronavirus/facecoverings
- UCB: https://coronavirus.berkeley.edu/face-coverings/
- UCLA: https://covid-19.ucla.edu/wear-your-face-mask/

[3] *Anderson v. City of Taylor*, No. 04-74345, 2005 WL 1984438 (E.D. Mich. Aug. 11, 2005) (determining all employees' cholesterol levels for wellness program is not a "special need"); *Dubbs v. Head Start, Inc.*, 336 F.3d 1194 (10th Cir. 2003) (identifying physical and developmental impediments in all children in Head Start program is not a "special need"); *Am. Fed'n of State, Cty. & Mun. Emps. Council 79 v. Scott*, 717 F.3d 851 (11th Cir. 2013) (finding Florida failed to make a showing of a "special need" for suspicionless drug testing of all state employees); *see also Bostic v. McClendon*, 650 F. Supp. 245 (N.D. Ga. 1986) (urinalysis testing of police officer violated her rights where no objective facts showed marijuana use. *Tomick v. United Parcel Serv., Inc.*, 511 F. Supp. 2d 235 (D. Conn. 2007) involves Connecticut General Statutes, §§ 31–51x, which prohibit disability discrimination and drug testing absent reasonable suspicion, and is irrelevant.

property in specific circumstances (Opp. at 19)–are even further afield.[4]

Plaintiffs make no effort to rebut case law cited by Defendants demonstrating that the "special needs" exception to the Fourth Amendments' prohibition on warrantless searches applies to regular testing for COVID-19. *See* Op. Br. at 21-22. The University's policy of requiring testing of unvaccinated students for SARS-CoV-2 infection in this context—if they qualify for one of the policy exceptions and as a condition of their physical access—is reasonable as a matter of law.

Moreover, Plaintiffs' arguments amount to general complaints about masking and testing, such as the possibility of a false positive test result, which could require them to quarantine. Opp. at 18. Plaintiffs also assert in their Opposition, without support, that "many students experience [the nasal swab] as painful and traumatic." *Id*. But, the remote possibility of discomfort or inconvenience cannot serve as the basis for a claim under the Fourth Amendment, which protects individuals from unreasonable searches and seizures. As for Plaintiffs' suggestion that that there are "well-recognized side effects" from a nasal swab, no such allegations were included in the Second Amended Complaint, and therefore cannot be considered.

Finally, to the extent that Plaintiffs' objections to masking and testing (Opp. at 16-19) are meant to address their Equal Protection argument, again, nowhere do Plaintiffs articulate the existence of a suspect class that would warrant the application of strict scrutiny. *See Kheriaty*, 2021 WL 6298332, at *5 (dismissing equal protection claim and holding that the classifications of unvaccinated individuals or individuals who previously had COVID-19 are not a suspect class).

---

[4] *Schneckloth v. Bustamonte*, 412 U.S. 218 (1973) (addressing whether police officers obtained sufficient consent before searching a vehicle); *Bumper v. North Carolina*, 391 U.S. 543 (1968) (addressing whether search of a house could be justified as lawful on the basis of consent given after search); *Johnson v. U.S.*, 333 U.S. 10 (1948) (warrant required to search house). The court in *Austin v. The Bd. of Educ. of Community Unit School Dist. #300* analyzed Illinois law and found that Plaintiffs' due process rights under the Illinois Department of Public Health Act were violated by a school district's masking requirements. No. 2021-CH-500002, 2022 WL 414433, at *2 (Ill.Cir.Ct. Feb. 04, 2022). The *Austin* court's reasoning is thus inapplicable.

### G. The Court Should Dismiss the Fourteenth Amendment State-Created Danger Claim Because Plaintiffs' Rhetoric Regarding Vaccinations Does Not State a Legal Claim.

In support of their state-created danger claim, Plaintiffs rely on rhetoric rather than law. Plaintiffs do not point to any allegations that could meet the elements of this claim. To state a claim, Plaintiffs must allege "affirmative conduct on the part of the state in placing the plaintiff in danger" where the state "acts with 'deliberate indifference' to a 'known or obvious danger.'" *Patel v. Kent School Dist.*, 648 F.3d 965, 974 (9th Cir. 2011). Simply characterizing vaccination as a "sacrifice" is insufficient to meet the required elements and does not state a claim.

### H. Plaintiffs' Argument Regarding Emergency Use Authorization Lacks Coherence and Is Not Tied to Any Alleged Cause of Action.

In their introduction, Plaintiffs posit an alternative ground upon which they believe this Court could deny the Motion, independent from their purported Constitutional argument. Plaintiffs assert that "COVID-19 emergency use authorized (EUA) products cannot be mandated" because it is prohibited by federal law. Opp. at 5; *see also* p. 14-15. Their argument, however, is not tied to any alleged cause of action and does not form the basis of any alleged claim. Plaintiffs further assume that all available COVID-19 vaccines are still under EUA. This is plainly incorrect, as the Court may ascertain from judicially noticeable records: two of the COVID-19 vaccines (Pfizer and Moderna) have been fully approved by the FDA since before Plaintiffs filed their amended complaint. *See* Request for Judicial Notice ("RJN"), Ex. 7 at 90 (Pfizer); RJN Ex. 10 at 108 (Moderna). The Court should disregard Plaintiffs' EUA argument as irrelevant and unsupported.

### I. Certain Defendants Should Be Dismissed if This Court Dismisses the SAC Claims in Part.

Plaintiff misunderstands Defendants' arguments regarding standing. Should the Court grant Defendants' motion in part, then Defendants respectfully request that the Court evaluate the standing of each Plaintiff as to the remaining claims. For

example, students with exceptions from taking the vaccine lack standing to challenge the vaccination requirement. *See Klaassen v. Trustees of Indiana University,* 24 F.4th 638 (7th Cir. 2022) (dismissing appeal as moot and noting that 7 of the 8 students lack standing to challenge the vaccination requirements due to their exemptions). If the challenges to the vaccination requirement are all that remain, then those student plaintiffs with exceptions and the Chancellors of their respective campuses should be dismissed from the suit.

Finally, Plaintiffs fail to establish standing for AFLDS. Plaintiffs' allegation that AFLDS physicians cannot "write medical exemptions based on prescreening" (Opp. at 11) is not a legally protected interest sufficient to confer direct Article III standing. AFLDS lacks direct standing because it is not subject to the Vaccine Policy in any way. Nor does AFLDS have associational standing. Plaintiffs' conclusory statement that "the interests that AFLDS seek to protect are germane, and at the very core of the organizations purpose" again fails to show that the specific interests at stake here—"bodily integrity" (SAC ¶ 129), "right to privacy" (SAC ¶ 171), and "freedom of religion" (SAC ¶ 177-81)—are germane to AFLDS's organizational purpose. Opp. at 12. Moreover, the individualized nature of each Plaintiff's standing claim weighs against a finding of associational standing. AFLDS thus lacks both associational and direct standing and is barred from bringing this suit. *Harris v. McRae,* 448 U.S. 297, 321 (1980) (organization's "diversity of view[s]" defeated associational standing).

## III.   CONCLUSION

For the reasons stated in Defendants' opening brief and herein, Defendants respectfully requests that the Court grant this motion to dismiss with prejudice.

DATED:  February 18, 2022           CROWELL & MORING LLP

By  /s/ *Emily T. Kuwahara*
Emily T. Kuwahara
Kristin J. Madigan
Suzanne E. Rode

Uri Niv

Attorneys for Defendants
KIM A. WILCOX, HOWARD GILLMAN, CAROL CHRIST, GENE BLOCK, AND MICHAEL V. DRAKE