| | |
|---|---|
| 1 | Christina Gilbertson (California Bar No. 236877) |
| 2 | christina@jfnvlaw.com |
| 3 | Jennings & Fulton, LTD |
|   | 2580 Sorrel Street |
| 4 | Las Vegas, NV 89146 |
| 5 | Phone: 702-979-3565 |
| 6 | Gregory J. Glaser (California Bar No. 226706) |
| 7 | greg@gregglaser.com |
|   | Greg Glaser, Attorney at Law |
| 8 | 4399 Buckboard Drive #423 |
| 9 | Copperopolis, CA 95228 |
|   | Phone: 925-642-6651 |
| 10 | |
| 11 | Joseph S. Gilbert (Nevada Bar No. 9033) |
|    | joey@joeygilbertlaw.com |
| 12 | Joey Gilbert & Associates |
| 13 | 405 Marsh Avenue |
|    | Reno, NV 89509 |
| 14 | Phone: 775-284-7700 |
| 15 | *Admitted pro hac vice* |
| 16 | Attorneys for Plaintiffs |

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| AMERICA'S FRONTLINE DOCTORS, *et al.*, | **Case #: 5:21-cv-01243-JGB-KK** |
| *Plaintiffs*, | **SECOND SUPPLEMENTAL DECLARATION OF PLAINTIFFS' COUNSEL IN OPPOSITION TO MOTION TO DISMISS** |
| v. | |
| KIM A. WILCOX, in his official capacity as CHANCELLOR OF THE UNIVERSITY OF CALIFORNIA RIVERSIDE, *et al.*, | **Date:** May 2, 2022<br>**Time:** 9:00 AM<br>**Location:** Riverside Courtroom 1<br>**Judge:** Honorable Jesus G. Bernal |
| *Defendants*. | |

1.    I am a lawyer for plaintiffs in this action. I am licensed and admitted to practice law before this United States District Court for the Central District of California. I have personal knowledge of all facts set forth herein and could and would testify competently to their accuracy if called as a witness.

2.    This declaration is filed because of new information Plaintiffs' counsel discovered re inaccurate documentation in Defendants' moving papers. In the interests of judicial administration, it is necessary to correct the record.

3.    Defendants' motion to dismiss (and requests for judicial notice) refer repeatedly to the contested document in this case: UC's vaccine mandate policy dated July 15, 2021 ("Policy"). As described below, this Policy appears to have been subjected to unauthorized edits and is now *ultra vires* on its face.

4.    While preparing this week for the upcoming hearing, I discovered there are *many* different versions of the Policy. Evidenced by Internet archives[1], Defendant UC has edited the Policy repeatedly since July 2021, with entire new sections added. For example, I counted 7 references to boosters in the original policy (July 15, 2021), but there are now over 100 references to boosters in the new Policy on the website today. Another example: the original Policy had 22 FAQs, whereas the Policy attached to Defendants' request for judicial notice (Dkt 58-6, Exh. 1) has 24 FAQs, whereas the Policy currently online has 26 FAQs.

5.    Clearly, it would be inappropriate to take judicial notice of this uncertain and evolving document.

6.    While it is unclear how many changes have been made/publicized, it is plain the Policy's Section VII ("Revision History") is inaccurate. The Policy

---

[1] See e.g., Internet Archive (accessed April 28, 2022). UC Vaccine Mandate Policy from August 12, 2021. https://web.archive.org/web/20210812154424/https://policy.ucop.edu/doc/5000695/SARS-CoV-2_Covid-19

states falsely, "Last Updated July 15, 2021". In reality, the Policy has been updated repeatedly since July 2021, apparently as recently as March 30, 2022.

7. Defendants did not apprise the Court or Plaintiffs' counsel of Policy edits. To the contrary, Defendants requested judicial notice of a document referenced in Defendants' motion (Dkt 58-1, p. 3, line 3 – referencing July 15, 2021) that is different than the document attached to UC's request for judicial notice (Dkt 58-6, Exh. 1, a document produced at an unknown later date).

8. Defendants' changes to the Policy were never announced to students and faculty. Likewise, undersigned counsel finds no evidence the Policy edits were approved by UC's President or Regents as required by UC rules. See e.g., UC Bylaw 30 provides, *inter alia,* that the president is "expected to consult with the Academic Senate, consistent with the principles of shared governance, on issues of significance to the general welfare and conduct of the faculty."; see also UC Bylaw 22.1 grants the full powers, organization and government of the University to the Regents and delegates to the President the power to oversee the operation of the University in accordance with adopted policies and directives "and as further specified by Bylaw 30," subject to the Board; see also, Regents Policy Statement 1500 provides additional governance authority that the action was *ultra vires*, as it provides that "The President is expected to direct the management and administration of the University of California System consistent with the Bylaws . . . ." Standing Order 100.4 (ee) sets out several dozen specific things the president is permitted to do, like to award degrees, hire and fire staff and set compensation, modify budget estimates and many very specific tasks. This Standing Order does not appear to permit a president to delegate to staff the power to make evolving unannounced edits to a vaccine mandate.

9. Therefore, on the face of the document, the Policy is *ultra vires*. And Defendants motion to dismiss must be denied. Plaintiffs' allegations in the

2nd Amended Complaint (Dkt. 57) are broad enough to address this matter, "Defendants do not possess clear and unquestionable authority of law to require that Plaintiffs be injected with this biotechnology." (p. 6) and "Defendants fluctuate and tweak their policies rapidly, sometimes requiring vaccinated individuals mask and test like the unvaccinated, and sometimes not. The only consistency is that the rights of the unvaccinated are always diminished more." (p. 16)

10.  The Policy (as edited by unknown persons) continues to be irrationally strict against Plaintiffs, especially as the UC has not indicated any limit to the number of booster shots they will require in the future, but have written a blank check to the CDC, which is an abrogation of UC's duties as a public trust. The CDC routinely states it is simply offering "guidance" and "considerations", and that patients should discuss the recommendations with their physician. See e.g., the document cited by Defendants in support of their Policy: CDC (April 2022). *Interim Clinical Considerations for Use of COVID-19 Vaccines Currently Approved or Authorized in the United States.* https://www.cdc.gov/vaccines/covid-19/clinical-considerations/interim-considerations-us.html ("vaccination should only be undertaken in an appropriate setting under the supervision of a healthcare professional experienced in the management of severe allergic reactions").

//

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 28th day of April 2022, in Copperopolis, California.

*/s/ Gregory J. Glaser*_____
Gregory J. Glaser
Lawyer for Plaintiffs